EUGENE ROBERT MASON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6688–76. Filed June 7, 1977.

---

Eugene Robert Mason, pro se.
*Genelle Schlichting,* for the respondent.

OPINION

SIMPSON, *Judge:* This matter comes before the Court on the Commissioner's motion to dismiss this case for lack of jurisdiction. The specific issue raised by the Commissioner's motion is whether the petition was postmarked within 90 days after the mailing of the statutory notice of deficiency.

On April 8, 1976, the Commissioner dated and sent a notice of deficiency by certified mail to the petitioner. In such notice, the Commissioner determined a deficiency of $2,402.66 in the petitioner's 1973 Federal income tax and an addition to the tax of $120.13 under section 6653(a) of the Internal Revenue Code of 1954.[1] The petitioner deposited a petition in the mail at the Farmer's Branch Station of the Dallas, Tex., Post Office. The petition was received in this Court's mailroom on Monday, July 12, 1976. The envelope in which the petition was mailed bears a postmark showing July 1976, but the day of the month is illegible. The 90-day period within which the petitioner could have filed a timely petition with this Court expired on Wednesday, July 7, 1976, which was not a Saturday, Sunday, or a legal holiday in the District of Columbia.

Since the petition was not actually received by this Court within the statutory 90-day period provided for the filing of a petition (see sec. 6213(a)), the petitioner relies on section 7502(a)[2] to establish the timeliness of his petition. Under

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

[2] (a) GENERAL RULE.—

(1) DATE OF DELIVERY.—If any return, claim, statement, or other document required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document * * * is mailed shall be deemed to be the day of delivery * * *

section 7502, a petition is considered as having been delivered to this Court on the date it is postmarked, provided it is timely mailed in an envelope or other appropriate wrapper, postage prepaid, and properly addressed. In this case, the postmark is partly illegible; thus, we cannot determine from the face of the envelope containing the petition whether it was timely postmarked.

In relevant part, paragraph (c) of section 301.7502–1, Proced. & Admin. Regs., indicates how section 7502 is to be applied under such circumstances:

> (c) *Mailing requirements.* (1) Section 7502 is not applicable unless the document is mailed in accordance with the following requirements:
>
> * * *
>
> (iii)(*a*) * * * If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made. * * *

In *Molosh v. Commissioner,* 45 T.C. 320, 322 (1965), we applied such rule of the regulations and allowed a taxpayer to offer evidence aliunde to establish the postmark date. In so doing, we followed the view of the Third Circuit expressed in *Skolski v. Commissioner,* 351 F.2d 485 (1965), which reversed and remanded an order of this Court wherein we prohibited the taxpayers from introducing evidence as to the time their petition was mailed. Indeed, in *Sylvan v. Commissioner,* 65 T.C. 548 (1975), decided subsequent to *Molosh,* we held, overruling a prior case to the contrary (*Rappaport v. Commissioner,* 55 T.C. 709 (1971), affd. without opinion 456 F.2d 1335 (2d Cir. 1972)), that evidence aliunde could be introduced in cases where no postmark appears on the envelope in which the petition was mailed. Thus, resolution of the issue before us turns on whether the petitioner has

---

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or

* * *

(B) the return, claim, statement, or other document * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed * * *

presented convincing evidence establishing that he mailed his petition timely and that its postmark is timely.

The petitioner sought to discharge his burden by extensive testimony as to the date he mailed his petition. He explained that because of the importance of the petition, he jotted on the right-hand corner of the envelope bearing the petition a note to himself to mail the petition by July 1, 1976. Such notation appears on the envelope received by the Court. However, he experienced some difficulty in preparing his petition, so it was necessary for him to work on it over the July 4th weekend and on the following Monday and Tuesday (July 5 and 6). The petitioner explained that on the night of July 6, he typed the petition, drove to the post office between 10 and 11 p.m., and deposited the petition in the mail at the Farmer's Branch Station. The circumstances about which the petitioner testified do not require the conclusion that the petition must have been timely mailed and postmarked (cf. *Sylvan v. Commissioner, supra; Molosh v. Commissioner, supra*), but we found the petitioner to be a forthright and candid witness and his testimony to be believable and internally consistent. Consequently, we find that the petitioner timely mailed his petition and that it bears a postmark within the statutory period. See *Skolski v. Commissioner*, 351 F.2d at 488 and n. 4; *Sylvan v. Commissioner*, 65 T.C. at 554 and n. 12.

The Commissioner presented the testimony of a postal official, who was employed as a quality control officer in Dallas, Tex. The officer testified that as of the date the hearing was conducted in this case, March 1977, it ordinarily took only 2 days for a piece of first-class mail to reach Washington, D.C., from Dallas, Tex., if it were mailed before 5 p.m. He also indicated that such general rule was applicable during July of 1976, subject to one qualification: because of the Bicentennial celebrations being conducted in Washington, D.C., over the July 4th weekend, it is possible that mail going there at about that time could have been delayed. He also testified that as of March 1977, 100 percent of the mail sent from Dallas reaches Washington, D.C., in 3 days; but he did not have statistical information for July 1976. After seriously considering such testimony, we are not persuaded that the petitioner could not have timely mailed his petition, as he testified. He mailed his petition after 5 p.m. on Tuesday, July

6, 1976; according to the testimony of the postal official, it would not have been sent until Wednesday, July 7, 1976. The postal official indicated that in calculating the delivery period, the day of mailing is excluded and the following day starts the running of the period. Thus, at the earliest, the petition would have reached Washington, D.C., on Friday, July 9, 1976. If it was received in Washington too late to be delivered to the Tax Court on that date, or if, as appears altogether possible, the petition was not received in Washington until Saturday, July 10, 1976, it could not have been delivered to the Court until Monday, July 12, 1976, since no mail deliveries are made to the Court over the weekend. Thus, the testimony of the petitioner is entirely reconcilable with that offered by the postal official.

The Commissioner's motion will be denied, and

*An appropriate order will be issued.*