ALLAN B. MONASMITH AND CAROL MONASMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Monasmith v. Commissioner
Docket No. 11517-77.
United States Tax Court
T.C. Memo 1979-19; 1979 Tax Ct. Memo LEXIS 507; 38 T.C.M. (CCH) 60; T.C.M. (RIA) 79019; January 10, 1979, Filed *507 Held: Respondent's motion to dismiss for lack of jurisdiction granted. Petition was delivered to this Court 2 days late in an envelope which bore no postmark. Although petitioners were afforded an opportunity to present evidence of when the petition was mailed and the date a properly affixed U.S. post-mark would have borne, see Sylvan v. Commissioner,65 T.C. 548 (1975), they failed to offer such evidence. Allan B. Monasmith, pro se. Brad S. Ostroff, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case is presently *508 before the Court on respondent's motion to dismiss for lack of jurisdiction because the petition was not filed within the 90 days after the mailing of the notice of deficiency provided in section 6213, I.R.C. 1954. [1]
Respondent determined a deficiency in the amount of $ 1,358.92 in petitioners' income tax for the calendar year 1975 and mailed a notice of deficiency to petitioners on August 17, 1977. At 9:32 a.m. on November 17, 1977, a handwritten document bearing a date of "11-12-77" and signed by both petitioners was received in the office of the clerk of this Court which was filed as a petition from petitioners. The envelope in which the document was delivered was properly addressed to the Tax Court in Washington, D.C., and bore a return address for petitioners in Parker, Ariz. An adequate U.S. postage stamp was affixed to the envelope but had not been cancelled. Nowhere on the envelope or on the document was there a U.S. Post Office postmark or any other evidence indicating when the document was mailed. Respondent filed a motion to dismiss on the ground that the petition was not timely *509 filed and consequently this Court has no jurisdiction to redetermine petitioners' tax liability for the year 1975. The motion was first set for hearing in Washington, D.C., on June 7, 1978, but when no appearance was made by, or on behalf of, petitioners the motion to dismiss was continued for hearing on the trial calendar of this Court in Phoenix, Ariz., beginning December 4, 1978, to afford petitioners a more expedient opportunity to appear and present evidence and arguments on the motion. Petitioner Allan B. Monasmith appeared pro se when the motion to dismiss was called for hearing, but offered no evidence. In response to the Court's inquiries he stated that he mailed the petition at Parker, Ariz., but had no recollection of when, or the circumstances under which, it was mailed. Section 6213 of the Code provides that a petition for redetermination of the deficiency found by the Commissioner of Internal Revenue may be filed in the Tax Court within 90 days after the notice of deficiency is mailed. Timely filing of the petition is jurisdictional, not procedural; unless the petition is timely filed the Tax Court has no jurisdiction to redetermine a deficiency. Normally, a petition *510 is deemed filed when it is delivered to the Tax Court in Washington, D.C. However, section 7502 of the Code provides that if the document (petition) is delivered to the Tax Court by United States mail in an envelope properly addressed, postage prepaid, the date of the United States postmark stamped on the cover in which the petition is mailed shall be deemed the date of delivery and hence the filing date. The most recent case in which the Tax Court, in a court-reviewed opinion, has stated its position with regard to what constitutes timely mailing under section 7502 is Sylvan v. Commissioner,65 T.C. 548 (1975). [2] The majority and dissenting opinions in that case review at considerable length the legislative and judicial history of the "timely filing" provisions and illustrate the efforts both Congress and the Courts have made to permit this Court to accept jurisdiction of cases wherein the petition has not been timely delivered to the Tax Court, to thus assure to the extent possible a taxpayer's right to a judicial review of a tax deficiency determined by the internal revenue service without having to pay the deficiency first. Those opinions discuss the statutory *511 provisions and most, if not all, of the cases dealing with the subject, and there is no need to repeat them here. Briefly, in the more recent cases dealing with the postmark provisions of section 7502, this Court held in Rappaport v. Commissioner,55 T.C. 709 (1971), affd. 456 F.2d 1335 (2nd Cir.), that where the envelope bore no post-mark at all, evidence regarding when the petition was mailed and what date the postmark would have been had one been affixed was irrelevant because the postmark itself was the sine qua non of timely filing. But in Sylvan v. Commissioner,supra, this Court overruled Rappaport and held that evidence as to timely mailing of the petition is relevant and admissible where the postmark is inadvertently omitted in its entirety as well as where it is partially omitted. The view of the majority in the Sylvan case represents the present position of the Tax Court on this issue and we must apply it here. [3]
*512 Unfortunately, however, the more liberal interpretation of the statute in the Sylvan case is of little benefit to petitioners herein. They were given an opportunity to present evidence to show both when the petition was mailed and what the postmark date would have been had it been stamped on the envelope containing the petition when it was mailed.See, for example, Thompson v. Commissioner,66 T.C. 737 (1976). But petitioners failed to offer such evidence so we are left with the few facts we can glean from the record.
The manner in which the petition was delivered to and filed by the Tax Court indicates that it was delivered to the Tax Court by the U.S. postal service at 9:32 a.m. on Thursday, November 17, 1977, which was 2 days after the 90-day period had expired. The envelope was properly addressed and bore an uncancelled U.S. postage stamp; there was no postmark on the envelope. The handwritten document which was filed as a petition bore the date "11-12-77." We have only Allan B. Monasmith's unsworn statement to the Court that the petition was mailed at Parker, Ariz. While we might surmise that a letter received by the Tax Court at 9:32 a.m. on November *513 17, would probably have been mailed at Parker, Ariz., not later than November 15, which was the last day for timely mailing, we have no evidence on which to base such a finding. [4] Without such a finding we cannot conclude that the petition in this case was timely filed even under the rule of the Sylvan case. Consequently, this Court has no jurisdiction of this case and respondent's motion to dismiss must be granted.
We repeat what we told petitioners at the hearing that they probably still have time to pay the deficiency determined by respondent, and then file a claim for refund of any overpayment they claim they have made. If this claim for refund is rejected petitioners may then file a suit for refund in the U.S. District Court or the U.S. Court of Claims and thus have their day in court. But time is of the essence in seeking that relief too. Respondent's motion to dismiss will be granted. An appropriate order will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended.↩
2. See however, Holt v. Commissioner,67 T.C. 829↩ (1977), which involved a different issue.
3. See Ruegsegger v. Commissioner,68 T.C. 463↩ (1977).
4. Compare Mason v. Commissioner,68 T.C. 354↩ (1977).