ROBERT M. KRELLMAN AND FLORENCE KRELLMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krellman v. Commissioner
Docket No. 7572-78.
United States Tax Court
T.C. Memo 1979-367; 1979 Tax Ct. Memo LEXIS 167; 39 T.C.M. (CCH) 95; T.C.M. (RIA) 79367; September 10, 1979, Filed *167 The envelope containing the petition was sent by certified mail, has an illegible postmark, and was filed more than 90 days after the mailing of the notice of deficiency. Held: petitioners have established that the envelope containing their petition was mailed and postmarked within the 90-day period provided for in secs. 6213(a), 7502(a), I.R.C. 1954. Respondent's motion to dismiss for lack of jurisdiction is denied. Louis N. Porter, for the petitioners. Michael A. DeLuca, for the respondent. CHABOT
*168 MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: This proceeding is before us on respondent's motion to dismiss for lack of jurisdiction because the petition was not filed within the time prescribed by section 6213. [1]
FINDINGS OF FACT When the petition in this case was filed, petitioners Robert M. Krellman (hereinafter sometimes referred to as "Robert") and Florence Krellman (hereinafter sometimes referred to as "Florence"), husband and wife, were legal residents of Great Neck, New York. On March 31, 1978, respondent mailed to petitioners, by certified mail, a statutory notice of deficiency, determining a deficiency of $10,268.80 in Federal individual income tax against petitioners for 1975. The 90-day period for timely filing a petition with this Court to redetermine the deficiency expired on Thursday, June 29, 1978, which was not a legal holiday *169 in the District of Columbia. The petition was dated June 29, 1978, and signed by both petitioners. The envelope containing the petition was properly addressed to the Tax Court of the United States and bears three United States Postal Service postmarks, all of the dates on which are illegible. The petition was sent by certified mail. Robert's employee, James Lewis (hereinafter referred to as "Lewis") mailed the envelope at the post office and received therefor at the post office a sender's receipt--a stamped certificate of mailing. A certified mail sticker No. 737707 is attached to the envelope; it has no date on it. The return receipt for the certified mail was stamped "Received" on July 5, 1978, by this Court and returned by mail to Robert's office. July 5, 1978, was the 96th day after the date the notice of deficiency was mailed. The petition was received by this Court in the United States mail and stamped by Court personnel as having been received "1978 JUL 5 AM 10 25". It was then stamped as filed "1978 JUL 5 PM 2 13". The petition was mailed and postmarked in New York, New York, postage prepaid, on June 29, 1978. OPINION Respondent maintains that petitioners have *170 failed to prove the petition was mailed within 90 days of the date the notice of deficiency was mailed. Petitioners assert that they have proven that the petition was mailed on the 90th day. We agree with petitioners. In order to give this Court jurisdiction to redetermine a deficiency asserted in a notice of deficiency, petitioners must file their petition with this Court within 90 days after the notice was mailed to them. [2] (Petitioners do not claim that they were entitled to the 150-day period allowed to those outside the country.) In the instant case, the petition was filed on the 96th day, so petitioners have not complied with the basic statutory requirement for invoking our jurisdiction. *171 Recognizing this, petitioners appear to rely on another provision generally to the effect that timely mailing is timely filing. [3] For petitioners to prevail under this provision, the postmark date and the date of mailing must be timely. [4]
*172 Since in the instant case the postmark on the envelope is not legible, petitioners have the burden of proving when the postmark was made. E.g., sec. 301.7502-1(c)(1) (iii)(a), Proced. & Admin. Regs.; Minuto v. Commissioner,66 T.C. 616, 619 (1976); Molosh v. Commissioner,45 T.C. 320 (1965). It is appropriate for petitioners to establish the date of the postmark through evidence other than that appearing on the face of the document. For example, evidence as to the actual time of mailing is relevant to prove when the postmark was made. E.g., Skolski v. Commissioner,351 F.2d 485, 487-488 (CA3 1965), revg. an unreported Order of this Court; Mason v. Commissioner,68 T.C. 354, 357 (1977); Molosh v. Commissioner,supra.
Petitioners presented testimony to establish that their petition was timely mailed and that its postmark, although illegible, was timely. Robert testified that, although he was not aware it was the last day of the 90-day period, on June 29, 1978, he had the petition typed, folded it, signed it, put it into an envelope, gave it to Lewis, and asked him to take it to the post office *173 and have it certified.Robert testified that he could specifically pinpoint these events to June 29, 1978, because he recalls meeting with his attorney the next day (June 30) for a calendar appointment with Nassau County Court on another matter, at which meeting he gave the attorney a copy of the petition he had had mailed. Lewis testified that as part of his job he went to the post office daily just before the post office closed at about 5:00 p.m. He testified that either on June 29 or June 30 of 1978, he delivered to the U.S. Post Office an envelope addressed to the U.S. Tax Court, and paid the fee for the envelope to be sent by certified mail. Lewis identified as his own the handwriting on the return receipt for this piece of certified mail. This is the return receipt stamped by Tax Court personnel; the envelope to which the receipt referred is the envelope that contained the petition involved in the instant proceeding. Although he had no independent recollection of whether he mailed the certified document on June 29 or June 30, he did recall it had to be one of those two days since he remembered that he had been given only one piece of certified mail prior to the Fourth of July *174 weekend. He testified that he received a sender's receipt for the certified mail (cf. Denman v. Commissioner,35 T.C. 1140 (1961)), but did not know at the time of the hearing herein what happened to the sender's receipt. He testified that Robert did not ask him for that receipt. The above-described circumstances about which Robert and Lewis testified do not require the conclusion that the petition must have been timely mailed and postmarked. See Mason v. Commissioner,68 T.C. at 357; cf. Sylvan v. Commissioner,65 T.C. 548, 553-554 (1975); Molosh v. Commissioner,supra. Based upon the entire record, however, petitioners have convinced us that the petition was timely mailed and that its postmark is timely. Robert's and Lewis' testimony is believable and consistent and supports the conclusion that the petition was mailed on June 29, 1978, and that its postmark is June 29, 1978.See Skolski v. Commissioner,351 F.2d at 488; Ruegsegger v. Commissioner,68 T.C. 463 (1977); Mason v. Commissioner,68 T.C. at 357; Sylvan v. Commissioner,65 T.C. at 554. *175 Nothing in the record herein gives us reason to disbelieve the testimony given under oath by Robert and Lewis.
Respondent cites Shipley v. Commissioner,572 F.2d 212 (CA9 1977), affg. a Memorandum Opinion of this Court,[5] and Wood v. Commissioner,41 T.C. 593 (1964), affd. 338 F.2d 602 (CA9 1964), in support of his argument that section 7502(c) [6]and the Treasury Department regulation thereunder [7] *176 do not help petitioners' case. We agree that they do not; however, petitioners do not appear to be relying on this If respondent is suggesting that the existence of section 7502(c) somehow works against petitioners, then we disagree. That provision is intended as a relief measure, to enable prospective petitioners to avoid "the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document". Secs. 301.7502-1(c)(1)(iii)(a) and 301.7502-1 (c)(2). Petitioners made the effort to avoid that risk, but (whether through their negligence or otherwise) have been unable to follow through *177 and claim the benefits of section 7502(c). Respondent suggests no reason, and we see none, for holding that a taxpayer who has sent a petition by certified mail and cannot find the receipt should be held to a higher burden of proving that an illegible postmark is timely, than would a taxpayer who has casually dropped the enveloope in a nearby mailbox. Respondent also asserts that the failure by petitioners to introduce the sender's receipt coupled with their failure to adequately explain its absence, raises the presumption that the postmarked sender's receipt would have been unfavorable to petitioners, citing Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (CA10 1947). Lewis testified he could not remember what he had done with the receipt.He also testified that Robert did not ask him for the sender's receipt. We have no reason to believe, from this record, that petitioners have the receipt in their possession and have failed to produce it. Respondent also questions the believability of Robert's testimony that he had the petition typed, signed it, and had Lewis mail it on June 29, 1978. Respondent points *178 out that Florence's signature is also on the petition and that Robert's office is in Manhattan whereas petitioners' home is in Great Neck, Long Island. Respondent states: Mr. Krellman failed to tell the Court how, since the letter was typed on June 29, 1978, he got his wife, Florence Krellman, to come from her Great Neck, Long Island, home to his Manhattan office to sign the petition so that it could be given to Mr. Lewis to be mailed on that day. * * * Respondent submits that if the letter was typed on June 29, 1978, it is more logical to assume Mr. Krellman brought it back to his home that evening to be signed by Mrs. Krellman, and returned with it to his office on June 30, 1978, on which day he gave it to Mr. Lewis for mailing. [Memorandum Brief for Respondent, pp. 6-7.] We agree that there is a void in the record as to the mechanics of getting Florence's signature on the petition. However, we can think of many possible scenarios other than that of Florence chained to her kitchen stove in petitioners' home on Long Island. We note that respondent did not cross-examine on this point. Under the circumstances, we cannot adopt respondent's speculation as a basis for ignoring *179 Robert's sworn testimony. Finally, respondent asserts that petitioners' refusal to permit separate verification of the date of the postmark must weigh heavily against them. At the hearing, the Court offered petitioners' counsel the opportunity to have postal authorities examine the envelope in an effort to determine the date of the illegible postmark. In fact, the Court pointed out that since there were three illegible postmarks, there would be three chances for the Postal Service to determine the date of the postmark. Petitioners' counsel, however, preferred to rest on the record in the case rather than agree to such examination. We conclude that this refusal is not determinative and in the instant case, we have been persuaded as to the believability of Robert's and Lewis' testimony. Although the matter is not free from doubt, based on the record in the instant case ( Ruegsegger v. Commissioner,68 T.C. at 468; Purvis v. Commissioner,65 T.C. 1165, 1169 (1976)), we hold that the petition was mailed, and the envelope containing it was postmarked, on June 29, 1978, within the permitted statutory period (secs. 6213(a), 7502(a)). An appropriate *180 order denying respondent's motion will be issued.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954, as in effect for the taxable year in issue.↩
2. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [This language reflects an amendment since 1975 which has no effect on the instant case.]↩
3. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. ↩
4. There is no dispute, and we have found, that (1) the petition was delivered by United States mail to this Court, (2) the petition was deposited in the mail in the United States, (3) the envelope enclosing the petition had sufficient prepaid postage, and (4) the envelope was properly addressed to this Court.↩
5. T.C. Memo. 1976-383↩.
6. SEC. 7502 TIMELY MAILING TREATED AS TIMELY FILING AND PAYING.
* * *
(c) Registered and Certified Mailing.--
(A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and (B) the date of registration shall be deemed the postmark date. (2) Certified mail.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail. [This language reflects an amendment since 1975 which has no effect on the instant case.] ↩
7. SEC. 301.7502-1. Timely mailing treated as timely filing. * * *
(c) Mailing requirements. * * *
(2) If the document is sent by United States registered mail, the date of registration of the document shall be treated as the postmark date. If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be overcome by the use of registered mail or certified mail.↩