T.C. Summary Opinion 2010-116

UNITED STATES TAX COURT

SHARON K. BELL, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1420-10S.                    Filed August 17, 2010.

Sharon K. Bell, pro se.

John W. Strate and Timothy Froehle (specially recognized),

for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463.[1]  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect when the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed February 25, 2010. Respondent moves to dismiss this case on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. For reasons discussed hereinafter, we shall grant respondent's motion.

## Background

At the time that the petition was filed, petitioner resided in the State of Oregon.

On October 7, 2009, respondent sent petitioner a notice of deficiency. The notice of deficiency, which was sent to petitioner by certified mail addressed to her at her last known address, determined deficiencies in income taxes for 2006 and 2007 of $8,895 and $2,806, respectively, and accuracy-related penalties under section 6662(a) for those 2 years of $1,779 and $561.20, respectively. Petitioner received a copy of the notice of deficiency on November 16, 2009.[2]

---

[2] The record does not disclose whether petitioner received the original notice of deficiency or, if not, what may have happened to it. The record does disclose that on Nov. 13, 2009, petitioner requested a copy of the notice of deficiency and that on Nov. 16, 2009, a copy was faxed to her by respondent's Taxpayer Advocate Service.

The first page of the notice of deficiency included the following statement: "If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency." Also included on the first page of the notice of deficiency was the following statement: "Last Day to File a Petition With the United States Tax Court: JAN 05, 2010".[3]

On Tuesday, January 19, 2010, petitioner filed a petition seeking a redetermination of the deficiencies and penalties determined by respondent in the October 7, 2009 notice of deficiency. The petition, which is dated "12/26/09", arrived at the Court by regular mail in an envelope bearing no postmark date. Affixed to the envelope was a "stamp" printed by petitioner on her personal computer using software furnished by

---

[3] In addition, in fulfilling petitioner's request for a copy of the notice of deficiency, respondent's Taxpayer Advocate Service advised petitioner as follows:

In accordance with your request on NOV 13 2009, a copy of the notice of deficiency, mailed to you by certified mail on OCT 07 2009, is enclosed.

You are advised that there is no provision in the law for the suspension of the 90-day period provided for in the notice for petitioning the United States Tax Court. The notice enclosed indicated the 90-day period will expire on JAN 05 2010.

stamps.com.[4]  This "stamp" reflects the "stamps.com" logo, "$1.39" of "US Postage First-Class", and a 5-digit number that corresponds to petitioner's ZIP Code.  The "stamp" also includes two strings of alphanumeric characters whose meaning is not disclosed in the record.  As previously mentioned, the "stamp" bears no postmark and was not postmarked (or canceled) by the U.S. Postal Service, nor does a Postal Service postmark appear anywhere on the envelope itself.

As indicated, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on February 25, 2010.  Petitioner filed a Notice Of Objection on March 24, 2010.[5]  Respondent followed with a Response on May 25, 2010.  Thereafter, a hearing on respondent's motion was held in Fresno, California, on June 14, 2010, with both parties appearing and presenting argument in support of their respective positions.[6]

---

[4]  According to its Web site, stamps.com is "a revolutionary software-based service that allows you to calculate and print official USPS postage right from your PC."  http://stamps.com.

[5]  Petitioner mailed her Notice Of Objection again using a "stamp" printed with her personal computer and stamps.com software.  Significantly, this "stamp" bears a "stamps.com" postmark date of "MAR 19 2010".

[6]  The hearing was held in Fresno, California, consistent with petitioner's Request For Place Of Trial.  Upon inquiry by the Court at calendar call, petitioner stated that she requested Fresno, which is 700 miles from her home in Oregon, rather than Portland, which is 50 miles from her home, because of parking issues in Portland.

## Discussion

### General Principles

This Court's jurisdiction to redetermine a deficiency in income tax depends on the issuance of a valid notice of deficiency and a timely-filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's last known address. Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days, or 150 days if the notice is addressed to a person outside the United States, to file a petition with this Court for a redetermination of the contested deficiency. Sec. 6213(a). By virtue of section 7502, a petition that is timely mailed is deemed to be timely filed. Although timely mailing is generally determined by the postmark date, see sec. 7502(a); sec. 301.7502-1(c)(1), Proced. & Admin. Regs., extrinsic evidence is admissible if a postmark date is either illegible or missing, see Mason v. Commissioner, 68 T.C. 354 (1977); Sylvan v. Commissioner, 65 T.C. 548 (1975).

It is clear in the present case that respondent mailed the notice of deficiency to petitioner on October 7, 2009.  See Magazine v. Commissioner, 89 T.C. 321, 327 n.8 (1987) (holding that Postal Service Form 3877 represents direct evidence of the date of mailing of the notice of deficiency); see also Clough v. Commissioner, 119 T.C. 183, 187-188 (2002) (overruling various challenges by a taxpayer to the introduction into evidence by the Commissioner of Postal Service Form 3877).  The 90th day after the date of mailing was Tuesday, January 5, 2010.  However, the petition was not received and filed by the Court until Tuesday, January 19, 2010.  Thus, the petition was not timely filed, and respondent's motion must be granted unless the petition is deemed to have been timely filed by virtue of having been timely mailed.

As previously mentioned, the envelope in which the petition was mailed to the Court did not bear any postmark, and both parties have proceeded on the basis that extrinsic evidence regarding the date of mailing is therefore admissible.  Under the circumstances of this case, we are content to follow the parties' approach, although we do not purport to establish a general rule applicable in all cases involving mailpieces bearing "stamps.com" postage.

Petitioner's Position

Petitioner's position is succinctly set forth in her Notice Of Objection:

My original petition was filled out by me on December 25, 2009.  It was mailed December 26, 2009.

At the hearing, petitioner was less certain that she mailed the petition on December 26, but she was emphatic that she did so shortly after Christmas.[7]  Petitioner offered only her testimony to support her position.

Respondent's Position

Respondent relies on Michael J. Fanning, a United States Postal Service executive whose duties include management of the mail irradiation program for U.S. Government mail in ZIP Codes including that of the Tax Court in Washington, D.C.  According to Mr. Fanning, "First-Class Mail that is mailed from an origin point in Salem, Oregon 97302 to a destination point in Washington, D.C. has a three-day service standard", meaning that a mailpiece should be delivered on the third calendar day after it is deposited with the Postal Service.  However, mail that is addressed to the Tax Court in Washington, D.C., is subjected to an irradiation process (instituted following the anthrax attacks in October 2001) that serves to add 3 additional calendar days to the service standard.

---

[7]  Petitioner also did not explain why she dated the petition "12/26/2009" if it was "filled out" on Christmas.

Analysis

Because petitioner is the party invoking the Court's jurisdiction, she bears the burden of proving that the petition was timely filed. See Maddox v. Commissioner, T.C. Memo. 2009-241.

Petitioner relies exclusively on her testimony. However, testimony that is not supported by documentary evidence or otherwise need not be accepted as gospel. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Here we decline to accept petitioner's unsupported testimony at face value based on the totality of the record, which includes (inter alia) the following:

(1) Petitioner's failure to offer any record of the use of her "stamps.com" account. In this regard, according to its Web site,

> Stamps.com automatically keeps a detailed record of the postage you print. This makes it easy for you to review your postage spending or to print a report for your files.

Of course, the date that postage is printed is not necessarily the date of mailing. This obvious truth was recognized by petitioner at trial: "Well, * * * I can print it but I can't always get to a post office to get it mailed on that date." But the date that postage is printed would at least constitute some evidence of the date of mailing.

(2) The fact that the "stamp" affixed to the envelope containing the petition bore no postmark, whereas the "stamp" affixed to the envelope containing the Notice Of Objection did bear a "stamps.com" postmark. This distinction suggests that postmarking may be at the sender's option.[8]

(3) Giving credence to the "stamps.com" postmark on the envelope containing petitioner's Notice of Objection, the elapsed time between the mailing of that document on March 19, 2010, and its receipt by the Court on March 24, 2010, is within the service standard of the Postal Service as described by Mr. Fanning. This provides a concrete example supporting his statement regarding the 6-day service standard applicable to the instant case.

Conclusion

Because petitioner has failed to prove the date on which her petition was mailed and further because her petition was not delivered or deemed delivered to the Court within 90 days of the date of mailing of the notice of deficiency, we hold that we lack jurisdiction under sections 6213(a) and 7502; accordingly, we are obliged to grant respondent's motion to dismiss.[9] Despite our

---

[8] We should not be understood to imply that a "stamps.com" postmark is entitled to the same dignity as a postmark made by the United States Postal Service.

[9] Petitioner could have avoided this outcome by going to a U.S. Post Office and sending her petition by registered or certified mail. As to registered mail, the date of registration is treated as the postmark date; as to certified mail, the sender can obtain a postmarked receipt that is evidence of timely

(continued...)

holding, we observe that petitioner will still be able to have her day in court by paying the determined amounts, filing a claim for refund, and then (if the claim is denied or not acted on for 6 months) bringing a suit for refund in the appropriate Federal court.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 n.5 (1970).

To give effect to the foregoing,

<u>An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered</u>.

---

[9](...continued)
mailing and hence timely filing.  See sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs.