T.C. Memo. 2020-6

UNITED STATES TAX COURT

MICHAEL J. SEELY AND NANCY B. SEELY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15349-17.                    Filed January 13, 2020.

<u>Scott G. Boyce</u>, for petitioners.

<u>Patsy A. Clarke</u> and <u>Melissa D. Lang</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before us on respondent's motion to
dismiss for lack of jurisdiction on the ground that the petition was not filed within

[*2] the time prescribed by section 6213(a) or section 7502.[1]  As explained below, we will deny respondent's motion.

## Background

The following facts are derived from the parties' pleadings, motion papers, and attached exhibits and declarations.  Petitioners resided in the State of Washington when their petition was filed.

On March 28, 2017, respondent mailed petitioners, by certified mail to their last known address, a notice of deficiency for tax years 2013, 2014, and 2015. The notice of deficiency advised petitioners that they had 90 days from the date of the notice to file a petition in the Tax Court for a redetermination of the deficiency.  The notice of deficiency also stated that the last day to petition the Tax Court was June 26, 2017.

Petitioners' attorney, Scott Boyce, prepared a petition seeking a redetermination of the deficiencies and mailed it to the Tax Court.  The Court received the petition on July 17, 2017, 111 days after the mailing of the notice of deficiency.  The envelope in which the petition was mailed was properly addressed to the Tax Court.  The envelope bears U.S. postage stamps and thus appears to

---

[1]  All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.

[*3] have been delivered by the U.S. Postal Service (USPS).  However, the envelope bears no discernable postmark and has no other markings affixed by the USPS.

On September 8, 2017, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed.  Petitioners objected to this motion and argued that their petition was timely filed because their attorney mailed the petition to the Tax Court on June 22, 2017, before the due date.  In support of their objection petitioners' attorney supplied a declaration (Mr. Boyce's declaration) under penalty of perjury in which he states that "on June 22, 2017 * * * [he] deposited into the [USPS] collection receptacle located at 690 Gage Blvd, Richland, Washington 99352, the tax court petition of Michael and Nancy Seely".  The Court held a hearing on respondent's motion in Spokane, Washington.

## Discussion

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976).  "Jurisdiction must be shown affirmatively, and * * * [the taxpayer], as the party invoking our jurisdiction * * * , bears the burden of proving that we have

**[\*4]** jurisdiction over \* \* \* [the] case." David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001); see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960).

Section 6213(a) provides, in the case of a notice addressed to a taxpayer within the United States, that the taxpayer must petition this Court "[w]ithin 90 days \* \* \* after the notice of deficiency \* \* \* is mailed". For petitioners, this 90-day period expired on June 26, 2017, which was not a Saturday, Sunday, or legal holiday in the District of Columbia. See sec. 6213(a).

Section 7502(a) provides a "timely mailed, timely filed" rule. A document delivered by U.S. mail is timely mailed if "the postmark date falls \* \* \* on or before the prescribed date" and the document is mailed, on or before that date, in an envelope with "postage prepaid, properly addressed" to the recipient. Id. para. (2). If those conditions are met, "the date of the United States postmark stamped on the cover in which such \* \* \* document \* \* \* is mailed shall be deemed to be the date of delivery". Id. para. (1). The parties agree that the envelope in which the petition was mailed was properly addressed to the Tax Court and that the postmark is missing. They disagree as to whether the envelope was deposited in the U.S. mail on or before June 26, 2017.

**[\*5]** The regulations prescribe distinct rules for USPS and non-USPS postmarks, sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs., but they supply no rules to govern the situation where the envelope has no postmark whatsoever. When a postmark is missing, our caselaw instructs us to deem the postmark illegible and permit the introduction of extrinsic evidence to ascertain the mailing date. See Sylvan v. Commissioner, 65 T.C. 548, 553-555 (1975); see also Mason v. Commissioner, 68 T.C. 354, 356 (1977). The burden is on the party who invokes section 7502 to present "convincing evidence" of timely mailing. Mason v. Commissioner, 68 T.C. at 356-357; see sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. (providing that, if a USPS postmark "is not legible, the person * * * [invoking section 7502] has the burden of proving the date that the postmark was made").

When confronted with illegible or missing postmarks, we have considered various types of extrinsic evidence, including testimony from the person claiming to have mailed the envelope. See Mason v. Commissioner, 68 T.C. at 357. We also look to evidence regarding the normal delivery time from the place of origin to our Court in Washington, D.C. See id.; Selter v. Commissioner, T.C. Memo. 2000-316, 2000 Tax Ct. Memo LEXIS 373, at \*11; Robinson v. Commissioner, T.C. Memo. 2000-146, 2000 Tax Ct. Memo LEXIS 176, at \*5. We may examine

**[\*6]** the envelope to see whether any markings indicate that the letter had been

"misplaced, missent, or inadvertently lost or damaged". Robinson v.

Commissioner, 2000 Tax Ct. Memo LEXIS 176, at \*3 (noting the testimony of a

post office employee that, in the event of misdelivery or damage, "there should be

some sort of marking on \* \* \* [the envelope] 'to let you know exactly what has

happened to that letter'").

The envelope that contained the petition in this case is not damaged and has

no marking of any kind suggesting that it was misdirected or misplaced. The

envelope, however, does not bear any postmark. Therefore, the issue turns on

whether petitioners have presented convincing evidence establishing that they

timely mailed their petition. We allowed both parties to present extrinsic evidence

to establish the petition's mailing date.[2] See Sylvan v. Commissioner, 65 T.C.

at 553-555.

---

[2] In Baldwin v. United States, 921 F.3d 836 (9th Cir. 2019), the U.S. Court of Appeals for the Ninth Circuit, to which an appeal would appear to lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), held that sec. 301.7502 (e)(2), Proced. & Admin. Regs., precluded the introduction of extrinsic evidence where the IRS did not receive the tax return and the taxpayers sought to rely on the common law mailbox rule to establish that their return was presumptively delivered to the IRS, shortly after they mailed it. However, this case is distinguishable because the Court received the petition on July 17, 2017, and the parties do not dispute the actual delivery of the petition. Accordingly, the parties are not precluded from introducing extrinsic evidence to establish timely filing.

**[\*7]** At the hearing respondent alleged that it takes 8 to 15 business days[3] for the USPS to deliver a piece of mail to a Government agency located in Washington, D.C., from any location in the United States. Petitioners do not dispute this contention, and we deem it conceded. If the petition was mailed on June 26, 2017, the last day to file a petition, then the petition's delivery date would have fallen within the 15-day window. In a sworn declaration Mr. Boyce declared that he deposited the petition in the U.S. mail several days earlier, on June 22, 2017. Respondent argues that if the petition had in fact been mailed on June 22, 2017, then it would have been delivered to the Tax Court no later than July 14, 2017, which was a Friday. The petition, however, arrived on Monday, July 17, 2017. Because the petition arrived at the Court later than it should have (16 business days after the alleged mailing date rather than 15), respondent contends that Mr. Boyce's declaration is not convincing evidence. We disagree.

---

[3] Respondent stated that according to the USPS, it can take three to five business days for a piece of mail dropped into a collection box to reach Washington, D.C., from any location in the United States. Once sorted, mail is transported to a New Jersey location for irradiation, which takes an additional 5 to 10 days, and then returned to Washington, D.C., to be delivered. On the basis of this information it can be inferred that a petition can take as little as 8 business days and up to 15 business days to arrive at the Tax Court after being mailed.

**[\*8]** First, we note that the petition arrived at the Court only one business day late. We also note that the Fourth of July[4] holiday fell between the date of the alleged mailing and the delivery date. In prior cases holiday conditions at the post office (e.g., holiday closures, unusually large volumes of mail, or inefficiencies attributable to temporary staff) have been found to be a possible explanation for short delays in delivery. Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988) (finding that holiday conditions could explain a three-day delay in ordinary delivery time for a letter mailed on December 23); see also Mason v. Commissioner, 68 T.C. at 357 (noting the testimony of a post office employee that, because of the Bicentennial celebrations being conducted in Washington, D.C., over the Fourth of July weekend, "it is possible that mail going * * * [to Washington, D.C.] at about that time could have been delayed"). We are thus unpersuaded by respondent's argument that Mr. Boyce's declaration is not reliable because the petition's alleged mailing date does not square with its actual delivery date.

---

[4] We take judicial notice that the Fourth of July was a national holiday in 2017, under Fed. R. Evid. 201, applicable to this Court pursuant to sec. 7453 and Rule 143(a). A fact may be judicially noticed if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own and at any stage of the proceeding. Id. subdivs. (c)(1), (d).

**[*9]**   On the basis of Mr. Boyce's sworn declaration and of our judicial notice of the Fourth of July holiday, we find that it is more likely than not that the petition was mailed on June 22, 2017.  Accordingly, respondent's motion to dismiss for lack of jurisdiction will be denied.

We have considered all other arguments made by the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.