LUMBER PRODUCTS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lumber Prods.
Docket No. 7690-92
United States Tax Court
T.C. Memo 1992-728; 1992 Tax Ct. Memo LEXIS 773; 64 T.C.M. (CCH) 1608; T.C.M. (RIA) 92728; December 29, 1992, Filed *773 An order of dismissal for lack of jurisdiction will be entered. For Petitioner: Steven M. Cyr and Jon L. Folkestad. For Respondent: Michael E. Hara. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. Background
At the time the petition herein was filed, petitioner was an Oregon corporation with its principal place of business and headquarters *774 located in Tualatin, Oregon. Respondent determined a deficiency in the amount of $ 747,368 in petitioner's 1989 Federal income tax. Respondent also determined that the underpayment was due to fraud and imposed a fraud penalty under section 6663(a) in the amount of $ 560,526. Respondent mailed the notice of deficiency on December 17, 1991, by U.S. certified mail to petitioner at its last known address pursuant to section 6212. The 90th day after the mailing of the notice of deficiency was March 16, 1992, which date was not a Saturday, Sunday, or legal holiday in the District of Columbia. The petition herein was received and filed by the Tax Court on April 14, 1992, 119 days after the mailing of the notice of deficiency. The envelope containing the petition was postmarked April 9, 1992, which date is 114 days after the mailing of the notice of deficiency. Petitioner claims a petition was mailed to this Court by ordinary mail on March 9, 1992, 83 days after the mailing of the notice of deficiency. A search of the Court's records reflects that no such petition was ever received by the Court. Petitioner opposes the motion arguing that counsel mailed a petition to the Tax Court *775 within 90 days of issuance of the notice of deficiency. In support of its claim, petitioner submitted the affidavits of Steven M. Cyr and Jon L. Folkestad, petitioner's counsel, and Connie L. Thomas, a secretary in counsel's law firm. The affidavits aver, inter alia, that an original petition was prepared for mailing to the Tax Court, and a "certified true copy" was prepared for mailing to the Chief Counsel of the Internal Revenue Service (hereinafter IRS). Ms. Thomas states in her affidavit that she deposited the two envelopes, postage prepaid, at the U.S. Post Office in Portland, Oregon, on March 9, 1992. Mr. Cyr states in his affidavit, "Apparently through inadvertent error in our office the U.S. Tax Court Petition was filed by regular mail and the service copy to Chief Counsel of the Internal Revenue Service was mailed by certified mail." Petitioners have produced a copy of a certified mail sender's receipt dated March 9, 1992, addressed to the IRS. Petitioner also submitted a copy of its law firm's check register showing check No. 3413 payable to the U.S. Tax Court and a copy of the law firm's bank reconciliation statement showing that check No. 3413 had not been paid. *776 Respondent argues that we should dismiss this case for lack of jurisdiction because the only petition delivered to the Tax Court arrived on April 14, 1992, 119 days after the mailing of the notice of deficiency. Petitioner claims that because Ms. Thomas mailed both petitions at the same time, the certified mail sender's receipt reflecting the mailing of the petition to the IRS proves that a petition was also mailed to the Tax Court on March 9, 1992. Thus, petitioner, citing section 7502, argues that March 9, 1992, should be considered the date the petition was filed. Discussion
The burden of proving that this Court has jurisdiction is upon petitioner. ; , and cases cited therein. A petition for redetermination of a deficiency must be filed with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed to a taxpayer. Sec. 6213. The time provided for the filing of a petition with this Court is jurisdictional and cannot *777 be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. ; ; ; ; . As a general rule, a petition is considered filed when it is received by the Court, unless the exception provided in section 7502(a)(1) applies. . Section 7502(a)(1) provides that if a petition is delivered to the Tax Court after the due date by U.S. mail, the date of the U.S. postmark stamped on the envelope in which the petition is mailed is deemed to be the date the petition is filed. Thus, if section 7502(a)(1) applies, a document will be considered filed as of the date of mailing. Section 7502(a)(2) provides that proof of a postmark and *778 proof of mailing must be satisfied in order for the exception under section 7502(a)(1) to apply. Section 7502(a)(2) states in part: (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period on or before the prescribed date -- (i) for the filing (including any extension granted for such filing) of the * * * document * * * * * * and (B) the * * * document * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the * * * document * * * is required to be filed * * * With regard to the "postmark" requirement of section 7502(a)(2)(A), petitioner has failed to produce sufficient evidence that a timely postmark was affixed to an envelope containing a petition for the Tax Court. To obtain the benefit of section 7502, the taxpayer must offer proof of postmark -- not mere evidence of mailing * * * only direct proof of postmark, which proof will be extraordinarily rare outside the instances specified in * * * [section 7502], will satisfy the requirements *779 of the act. * * * [, affg. .] In Estate of Wood v. Commissioner, 92 T.C. at 796, a postal worker had testified that she affixed a timely postmark on an envelope containing a Federal estate tax return. The Court of Appeals affirmed the Tax Court's holding that such evidence constituted "direct proof" of a postmark. Petitioner, on the other hand, has failed to produce any evidence which would constitute "direct proof" of a postmark. Petitioner's affidavits merely allege that a petition was mailed to the Tax Court. Even if petitioner's evidence constituted proof of proper mailing, this would not be enough. Proof of mailing the return -- i.e., proof of placing in the U.S. mail an envelope containing the return and having the proper postage and address -- satisfies the requirements of section 7502(a)(2)(B) but fails to satisfy the requirement of section 7502(a)(2)(A) that the properly mailed envelope be postmarked prior to the due date of the return. Consequently, the relief afforded by section 7502 is *780 not available to a taxpayer who cannot establish the postmark on the envelope. * * * [Estate of Wood v. Commissioner, 92 T.C. at 796.] Petitioner claims that the certified sender's receipt dated March 9, 1992, addressed to the IRS is sufficient proof to satisfy the "postmark" requirement of section 7502(a)(2)(A). We disagree. The certified sender's receipt of a mailing to the IRS is hardly "direct proof" that a petition was postmarked and mailed to the Tax Court. Petitioner has not satisfied the postmark requirement of section 7502(a)(2)(A). Therefore, section 7502(a)(1) does not apply here. Petitioner has also failed to prove proper mailing as required by section 7502(a)(2)(B). Petitioner's evidence consists of the affidavits of its counsel and another interested person. Such self-serving statements do not support a finding that a petition was properly and timely mailed to the Tax Court. See (taxpayer's self-serving testimony is not enough to satisfy taxpayer's burden of proof). We find petitioner's affidavits to be vague and inconclusive. Although Ms. Thomas states *781 she deposited two envelopes at the United States Post Office, it is not entirely clear from her statements that she actually mailed a petition to the Tax Court. For these reasons, we hold that petitioner has failed to satisfy the "mailing" requirement of section 7502(a)(2)(B). We further note that section 7502 applies only if the petition is delivered to the Court. , affg. an Order of Dismissal of this Court; Sec. 301.7502-1(d)(1), Proced. & Admin. Regs.; . Section 301.7502-1(d)(1) and (2), Proced. & Admin. Regs. provides in part: (d) Delivery. (1) Section 7502 is not applicable unless the document is delivered by United States mail to the agency, officer, or office with which it is required to be filed. * * * (2) Section 7502 is applicable only when the document is delivered after the last date, or the last day of the period, prescribed for filing the document. * * * In the case at hand, the petition purportedly mailed on March 9, 1992, was not actually delivered to the Tax Court. Petitioner, however, *782 seeks to satisfy the delivery requirement by invoking the common law "mailbox rule". See . In the Anderson case the Court noted that under the common law "mailbox rule," proper and timely mailing of a document raises a rebuttable presumption that the document was delivered. Thus, the Court in , determined that proof of proper and timely mailing satisfied the delivery requirement of section 7502. As we stated earlier in this opinion, petitioner's evidence is insufficient to prove proper and timely mailing. Therefore, petitioner is unable to obtain the benefit of any presumption of delivery which may exist in order to satisfy the "delivery" requirement of section 7502. Petitioner also argues that because a petition was mailed to the IRS, respondent should be estopped from claiming the Court lacks jurisdiction. We agree with respondent that the argument has no merit. Mailing a petition to the IRS cannot confer jurisdiction upon this Court. ; . *783 Moreover, this Court's jurisdiction is strictly statutory, and the doctrine of estoppel cannot create jurisdiction where none exists. Sec. 7442; ; see . Respondent's motion to dismiss for lack of jurisdiction will be granted. To reflect the foregoing, An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩