JONI KAUFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kauffman v. Commissioner
Docket No. 22389-92
United States Tax Court
T.C. Memo 1993-494; 1993 Tax Ct. Memo LEXIS 500; 66 T.C.M. (CCH) 1131; October 26, 1993, Filed *500 An appropriate order of dismissal for lack of jurisdiction will be entered. Joni Kauffman, pro se. For respondent: Michael A. Urbanos. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182, [1] and is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction. Respondent seeks dismissal on the ground that the petition was untimely. Petitioner filed a response alleging that she mailed the petition in a timely manner before the expiration of the 90-day period for filing as required by section 6213(a). A hearing was held in St. Paul, Minnesota, on April 19, 1993. At the hearing, petitioner testified and Mr. James Ramthun of the United States Postal Service (USPS) testified on behalf of respondent. Petitioner resided in Minneapolis, Minnesota, when she *501 filed her petition. Respondent determined a deficiency in petitioner's Federal income tax for the tax year 1989 in the amount of $ 6,835, and additions to tax under sections 6651(a)(1) and 6654(a) in the amounts of $ 848.25 and $ 203.45, respectively. The notice of deficiency was mailed to petitioner by certified mail on June 26, 1992. The 90-day period for timely filing a petition with this Court expired on Thursday, September 24, 1992, which day was not a legal holiday in the District of Columbia. On October 2, 1992, the Court received a letter dated September 7, 1992, from petitioner intended to serve as her petition which did not contain an original signature. This document (hereafter the petition) was received by regular (not certified or registered) U.S. mail and filed by the Clerk of the Court as a petition on October 2, 1992. [2] Thus, the petition was received by the Court 98 days after the date the notice of deficiency was mailed to petitioner.
*502 Petitioner was employed by the USPS in Minneapolis when she filed her petition. She testified that the petition was mailed on September 7, 1992. The envelope containing the petition received by the Court does not bear a postmark. Petitioner offered no evidence to explain the lack of a dated postmark on the envelope containing the petition, but speculated that the envelope received no postmark because, "I was an employee of the Postal Service at that time, and there were bins we could throw our mail in. Sometimes that didn't go through the normal procedures, and they were hand-stamped." [3]
*503 Mr. Ramthun is manager of in-plant support for the USPS in Minneapolis. He testified that USPS statistics show that approximately 95 percent of the items mailed to Washington, D.C., from Minneapolis by first-class mail reach their destination within 5 days of mailing. The statistics further show that approximately 95 percent of mail received at the Minneapolis USPS facilities is cancelled with a dated postmark. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Sec. 6213; ; ; . A petition for redetermination of a deficiency must be filed with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed to a taxpayer. Sec. 6213(a). The time provided for filing of a petition is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the *504 petition be dismissed for lack of jurisdiction. ; ; . Filing is completed when the petition is received by the Court, unless the exception provided in section 7502(a)(1) applies. ; . Section 7502(a)(1) provides as a general rule that, if the petition is delivered to the Tax Court by mail in an envelope properly addressed, postage prepaid, "the date of the United States postmark stamped on the cover" in which such petition is mailed "shall be deemed to be the date of delivery" of the petition to the Court, and hence the filing date. See also sec. 301.7502-1(c), Proced. & Admin. Regs. Section 7502(a)(2) provides that proof of a postmark and proof of mailing must be satisfied in order for the exception under section 7502(a)(1) to apply. The burden of proving that this Court has jurisdiction *505 is upon petitioner. ; . Petitioner offered only her uncorroborated testimony that the petition was mailed prior to September 24, 1992. Such self-serving statements do not support a finding that a petition was properly and timely mailed to the Tax Court. See (taxpayer's self-serving testimony is not enough to satisfy taxpayer's burden of proof). Moreover, petitioner failed to produce any evidence which would constitute proof of a postmark. "To obtain the benefit of section 7502, the taxpayer must offer proof of postmark -- not mere evidence of mailing -- as by the testimony of the postal employee who handled and stamped the document." , affg. . Petitioner has not carried her burden of proving that the petition received by the Court after expiration of the 90-day statutory period was timely filed *506 by mail under the provisions of section 7502. On this record, we hold that the petition was not timely filed. Therefore, respondent's Motion To Dismiss For Lack Of Jurisdiction will be granted. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner was ordered to file a petition in proper form on or before December 14, 1992. She mailed an amended petition, in proper form, by certified mail, return receipt requested, on December 14, 1992.↩
3. Petitioner's reference to hand-stamped mail was in response to questions concerning a series of black marks imposed over the stamps on the envelope in which the petition was mailed. These marks are consistent with marks made by rubber stamps used to cancel postage by hand-stamping at distribution cases or carrier delivery cases when a USPS employee notices that the postage had not been properly cancelled. Mail with postage cancelled in that fashion may not receive a dated postmark. Petitioner does not contend, nor would the evidence support a finding, that such marks constitute a postmark.↩