T.C. Memo. 2021-58

UNITED STATES TAX COURT

WILLIAM J. SPAIN AND IDOVIA A. SPAIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18887-19L.                    Filed May 11, 2021.

William J. Spain and Idovia A. Spain, pro sese.

Alicia E. Elliott and Rachael J. Zepeda, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  Currently before the Court is a motion by the Internal
Revenue Service (IRS or respondent) to dismiss this case for lack of jurisdiction
on the ground that the petition was not filed within the time prescribed by section

**[\*2]** 6330(d)(1).[1]  Petitioners contend that the petition was timely mailed and so should be deemed timely filed under section 7502.  Finding that petitioners have not carried their burden of proving that the petition was timely mailed, we will grant respondent's motion.

## Background

The following facts are derived from the parties' pleadings, motion papers, and the exhibits and declarations attached thereto.  Petitioners resided in Arizona when they petitioned this Court.

The IRS issued petitioners a notice of deficiency for 2014 and assessed the tax after the time to petition this Court had expired.  When they failed to pay the tax, the IRS sent them a notice of intent to levy.  They timely sought a collection due process (CDP) hearing, seeking to challenge their underlying tax liability for 2014.

During the hearing the settlement officer (SO) explained that petitioners were not entitled to challenge their underlying liability because they had received a notice of deficiency.  See sec. 6330(c)(2)(B).  Petitioners did not propose a collection alternative, and the SO closed the case.  The SO noted that petitioners

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] had a pending request for audit reconsideration, which is conducted separately from CDP proceedings. See Durda v. Commissioner, T.C. Memo. 2017-89, 113 T.C.M. (CCH) 1420, 1422 n.3.

The IRS issued petitioners separate notices of determination dated September 10, 2019, sustaining the collection action. Tracking data from the U.S. Postal Service (USPS) show that these notices were mailed the following day and delivered to petitioners on September 16, 2019. The notices advised petitioners: "If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter." See sec. 6330(d)(1). Because the notices were mailed on September 11, 2019, the 30-day period expired on Friday, October 11, 2019. Cf. Bongam v. Commissioner, 146 T.C. 52, 58 (2016).

The Court received a petition from petitioners on October 21, 2019. That date was 40 days after the IRS issued the notices of determination. Petitioners disputed their underlying liability for 2014 and asked the Court to "plac[e] a hold on collections until the * * * [IRS] has had the opportunity to complete the audit reconsideration process and process the related amended income tax return."

The petition, which lacked original signatures, was dated October 10, 2019. The envelope in which the petition was mailed was properly addressed to the Tax

**[*4]** Court.  The envelope bears U.S. postage of $1.75, evidently affixed by a Pitney Bowes postage meter, and it appears to have been delivered to the Court by USPS.  However, the envelope bears no postmark and has no other marking affixed by USPS.

On December 12, 2019, respondent sent petitioners a letter explaining that the petition had not been filed within the 30-day period prescribed by section 6330(d)(1).  Respondent advised petitioners that he would move to dismiss the case unless they supplied "receipts or other documents showing when the Petition was mailed."  On December 18, 2019, petitioners' accountant, Richard Shapiro, replied with a letter in which he stated that the petition had been signed by petitioners on October 10, 2019, and mailed that same day from his office in Scottsdale, Arizona.  However, Mr. Shapiro supplied no "receipts or other documents" as respondent had requested.

On January 15, 2021, respondent filed a motion to dismiss for lack of jurisdiction, to which we ordered petitioners to respond by February 22, 2021.  On February 26, 2021, we received a letter from Mr. Shapiro.[2]  This letter includes no

---

[2]Mr. Shapiro has not entered an appearance on behalf of petitioners, and petitioners did not sign his letter.  See Rule 23(a)(3) (providing that paper filings "shall bear the original signature of the party's counsel, or of the party personally if the party is self-represented").

**[\*5]** evidence showing that the petition was timely mailed.  Rather, Mr. Shapiro attached a copy of his December 18, 2019, letter to respondent's counsel and requested that petitioners "be provided their opportunity to review their case through [the] appeals process."

Discussion

This Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent expressly authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976).  "Jurisdiction must be shown affirmatively, and petitioner[s], as the part[ies] invoking our jurisdiction * * *,  bear[] the burden of proving that we have jurisdiction."  David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001).  To meet this burden, "petitioner[s] must establish affirmatively all facts giving rise to our jurisdiction."  Ibid.

Section 6330(d)(1) provides that a taxpayer "may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)."  The 30-day period commences on the day after the date on which the notice of determination was issued.  Sec. 301.6330-1(f)(2), Q&A-F1, Proced. & Admin. Regs.  If

[*6] the taxpayer does not file his petition within this 30-day period, the Court lacks jurisdiction to review the IRS collection action. See Guralnik v. Commissioner, 146 T.C. 230, 235-238 (2016); Orum v. Commissioner, 123 T.C. 1 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001). For petitioners this 30-day period expired on Friday, October 11, 2019.

Section 7502(a) provides a "timely mailed, timely filed" rule. A document delivered by U.S. mail is timely mailed if "the postmark date falls * * * on or before the prescribed date" and the document is mailed, on or before that date, in an envelope with "postage prepaid, properly addressed" to the recipient. Id. para. (2). If those conditions are met, "the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery." Id. para. (1). The parties agree that the envelope in which the petition was mailed was properly addressed to the Tax Court and that the envelope bears no U.S. postmark. They disagree as to whether the envelope was deposited in the U.S. mail on or before October 11, 2019.

The regulations prescribe distinct rules for USPS and non-USPS postmarks, sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs., but they supply no rules to govern the situation where the envelope has no postmark whatsoever. When a

[*7] postmark is missing, our case law instructs us to deem the postmark illegible and permit the introduction of extrinsic evidence to ascertain the mailing date. See Sylvan v. Commissioner, 65 T.C. 548, 553-555 (1975); see also Mason v. Commissioner, 68 T.C. 354, 356 (1977). The burden is on the party who invokes section 7502 to present "convincing evidence" of timely mailing. Mason, 68 T.C. at 356-357; see sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. (providing that, if a USPS postmark "is not legible, the person * * * [invoking section 7502] has the burden of proving the date that the postmark was made").

When confronted with illegible or missing postmarks, we have considered various types of extrinsic evidence. We have examined the envelope to see whether any markings indicate that the letter had been "misplaced, missent, or inadvertently lost or damaged." See Robinson v. Commissioner, T.C. Memo. 2000-146, 79 T.C.M. (CCH) 1956, 1957. We have also considered testimony from the person claiming to have mailed the envelope. See Mason, 68 T.C. at 357. This testimony must be credible and convincing. Ibid. We are not required to accept uncorroborated, self-serving statements "as gospel." Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); see Kauffman v. Commissioner, T.C. Memo. 1993-494, 66 T.C.M. (CCH) 1131, 1132 ("[S]elf-serving statements do not support a finding that a petition was properly and timely mailed to the Tax Court."); Lumber Prods.,

[*8] Inc. v. Commissioner, T.C. Memo. 1992-728, 64 T.C.M. (CCH) 1608, 1609-1610.

The envelope that contained the petition in this case bears no postmark or other marking affixed by USPS. The envelope is not damaged, and there is no indication that it was misdelivered, misdirected, or misplaced. Our jurisdiction accordingly turns on whether petitioners have presented credible evidence that their accountant timely mailed the petition. We find that they have not.

In response to the motion to dismiss Mr. Shapiro urged that petitioners "be provided their opportunity to review their case through [the] appeals process." He supplied no evidence of timely mailing but simply attached the letter he had previously sent respondent. That letter likewise supplied no evidence of timely mailing but instead simply asserted that the petition was signed by petitioners on October 10, 2019, and mailed from his office later that day.

We are not convinced by these unsworn, uncorroborated statements. Self-serving statements of this sort are not sufficient to carry petitioners' burden. See Tokarski, 87 T.C. at 77. Because petitioners have not provided "convincing evidence" that the petition was timely mailed, see Mason, 68 T.C. at 357, they have failed to satisfy the requirements of section 7502.

**[\*9]**   The regulations warn taxpayers and their advisers that "the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date * * * prescribed for filing."  Sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs.  To avoid this risk, the regulations advise the use of certified mail.  Ibid.  Had Mr. Shapiro used certified mail, he would have a receipt postmarked by the employee to whom he presented the envelope, and that postmark would be treated as the postmark date of the document.  Id. subpara. (2).  In this case petitioners have no persuasive evidence of timely mailing, and they have therefore failed to meet their burden to "establish affirmatively all facts giving rise to our jurisdiction."  See David Dung Le, M.D., Inc., 114 T.C. at 270.  Because the petition was not filed (or deemed filed) within the statutorily prescribed period, we must dismiss this case.

   To reflect the foregoing,

An order will be entered granting respondent's motion and dismissing this case for lack of jurisdiction.