CHARLES J. OSWALD, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Oswald v. Commissioner
Docket No. 11905-94
United States Tax Court
T.C. Memo 1995-17; 1995 Tax Ct. Memo LEXIS 17; 69 T.C.M. (CCH) 1666; January 17, 1995, Filed *17 An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Charles J. Oswald, Jr., pro se. For respondent: Kevin Curran and Paul L. Dixon. ARMEN
ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether Charles J. Oswald, Jr. (petitioner) filed his petition for redetermination within the 90-day period prescribed by sections 6213(a) and 7502. [1]
Background
On March 24, 1994, respondent mailed a notice of deficiency to petitioner. In the notice, respondent determined a deficiency in petitioner's Federal income tax, as well as an accuracy-related penalty for negligence under section 6662(a) and (b)(1), for the taxable year 1991. There is no dispute regarding the date on which the notice of deficiency *18 was mailed to petitioner. There is also no dispute regarding the fact that the notice of deficiency was mailed to petitioner at his last known address. Petitioner filed an imperfect petition for redetermination with this Court on Tuesday, July 5, 1994, which date is 103 days after the mailing of the notice of deficiency. [2] The petition, which was signed by petitioner and dated June 22, 1994, was mailed to the Court in a properly addressed envelope bearing a private postage meter postmark date of Wednesday, June 22, 1994. No check in payment of the filing fee was included with the petition. [3]
The envelope in which the petition was mailed to the Court is not damaged or unusually soiled, nor does it appear to have been abused. No markings or imprints appear on the envelope, other than the docket number of this case, which was placed on the envelope by personnel of the Court's Petition Section. *19 The petition was mailed to the Court from Las Vegas, Nevada. The ordinary delivery time for a properly addressed envelope from Las Vegas, Nevada, to Washington, D.C., is 3 days. Respondent bases her Motion to Dismiss for Lack of Jurisdiction on the ground that petitioner failed to file his petition within the time prescribed by section 6213(a) or section 7502. Petitioner filed an Objection to respondent's motion asserting that he timely mailed the petition by placing the envelope bearing the petition in his firm's outgoing mail bin on June 22, 1994. Petitioner further asserts that any delay in the delivery of the petition to the Court is attributable to the U.S. Postal Service's poor performance record in the Washington, D.C., area. A hearing was conducted in this case on November 30, 1994, in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Although petitioner did not appear at the hearing, he did file a statement with the Court pursuant to Rule 50(c). Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule *20 13(a), (c); Pugsley v. Commissioner, 749 F.2d 691, 692 (11th Cir. 1985), affg. per curiam unreported orders of dismissal this Court; Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Once respondent mails a valid notice to the taxpayer's last known address, section 6213(a) provides in pertinent part that the taxpayer must file a petition with this Court within 90 days (or 150 days if the deficiency notice is mailed to the taxpayer outside of the United States). In certain circumstances, section 7502 provides that a timely mailed petition will be treated as though it were timely filed. Where, as here, the postmark in question is made by a private postage meter, the provisions implementing the "timely mailing/timely filing" rule are contained in section 301.7502-1(c) (1)(iii)(b), Proced. & Admin. Regs., which provides in pertinent part as follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the *21 postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last *22 date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * * [Emphasis added.]
The validity of this regulation has been upheld. Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. T.C. Memo. 1975-195; Fishman v. Commissioner, 420 F.2d 491, 492 (2d Cir. 1970), affg. 51 T.C. 869 (1969). The deficiency notice in the present case was mailed to petitioner on March 24, 1994. Consequently, the 90-day period for filing a timely petition with this Court expired on Wednesday, June 22, 1994. Although the envelope in which the petition was mailed to the Court bears a private postage meter postmark date of June 22, 1994, the last day of the 90-day filing period, the envelope was not received by the Court until July 5, 1994, 13 days after it was purportedly mailed. Obviously, the petition was not received by the Court within the normal mailing time between Las Vegas, Nevada, and Washington, D.C. Consequently, *23 under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioner must establish that: (1) The envelope bearing the petition was actually deposited in the mail in a timely fashion, (2) the delay in receiving the envelope was due to a delay in the transmission of the mail, and (3) the cause of such delay. Based on the record presented, we hold that petitioner has failed to satisfy his burden of proof. The proof submitted by petitioner is limited to the statements contained in his Objection to respondent's motion to dismiss and in his Rule 50(c) statement. Petitioner states that he placed the envelope bearing the petition in his firm's outgoing mail bin on June 22, 1994. Suffice it to say that such statements do not present adequate proof that the envelope bearing the petition was timely deposited in the United States mail on the critical date. Under the circumstances, we are unable to conclude that the envelope actually entered the United States mail system on June 22, 1994, as alleged. [4]
*24 Even if petitioner should be deemed to have satisfied the timely mailing requirement of the three-prong test of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., there is no evidence in the record demonstrating either that the delay in the delivery of the envelope was due to a delay in the transmission of the mail or the cause of any such delay. We observe that the envelope is not damaged or unusually soiled, nor does it appear to have been abused. We also observe that no unusual markings or imprints appear on the envelope to suggest that it might have been lost or delayed prior to being delivered to the Court. We recognize that there has been unfavorable publicity in recent months about the quality of service offered by the U.S. Postal Service. Relying on this publicity, petitioner specifically asserts that any delay in the delivery of the petition to the Court was attributable to the U.S. Postal Service's poor performance record in the Washington, D.C., area. However, we are not willing to declare, based on newspaper articles and other media accounts, that the mail service in this country is so unreliable that the obvious policy considerations underlying the private *25 postmeter rule of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., should be abrogated in favor of some open-ended rule favoring users of private postmeters. [5]
*26 Although petitioner does not specifically cite Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988), revg. and remanding an unreported order of this Court, we think that a brief discussion of that case is appropriate. In Rotenberry, the taxpayers mailed their petition from Houston, Texas, in the early evening of the 90th day. [6] The envelope containing the petition bore a timely private postmeter postmark. Eight days later, on December 31, 1985, the petition was delivered to the Tax Court. In reversing this Court, the Court of Appeals held: The cause-of-delay element may be satisfied if the taxpayer offers adequate proof of reasons for delays in the processing and handling of the mail generally between the receiving station and the addressee during the critical days involved. The proof offered need not specifically pinpoint the item of mail in question. [Id. at 233-234; emphasis added.]
The Court of Appeals concluded that the taxpayers satisfied this standard where uncontroverted evidence included the following: (1) the dramatic increase in the volume of holiday mail; (2) the mailing by *27 the IRS of 87 million tax return forms on December 27, 1985; (3) the recognized proclivity of some post office employees to take time off, leave early, and work less diligently during the holidays; (4) the addition of temporary postal employees during the holiday rush with their known deficiencies in accuracy and efficiency; (5) the heavy airline passenger traffic during the holidays, requiring that mail be pulled off flights and held for later flights, causing mail handling delays at Houston Intercontinental Airport of up to 48 hours; (6) the inclement weather during the critical period and the adverse effect it had on travel in the District of Columbia * * * [Id. at 232-233.]
We think that Rotenberry is clearly distinguishable on its facts. The present case shares none of the facts enumerated above that influenced *28 the Court of Appeals. Indeed, petitioner offered no proof whatsoever "for delays in the processing and handling of the mail generally between the receiving station and the addressee during the critical days involved." Id. at 234. Because of the absence of evidence adduced by petitioner, even the Court of Appeals for the Fifth Circuit's more liberal interpretation of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., affords him no solace, because the result we reach would not change even if we were to adopt the Court of Appeals for the Fifth Circuit's view. See Abney v. Commissioner, T. C. Memo. 1990-255. We need not, therefore, decide whether we agree with the Court of Appeals for the Fifth Circuit's interpretation of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. [7] See MacArthur v. Commissioner, T.C. Memo. 1992-590. *29 Accordingly, petitioner's vague statement regarding the U.S. Postal Service's poor performance record in the Washington, D.C. area is not adequate to prove a delay in the delivery of the envelope in question. See Grassam v. Commissioner, T.C. Memo. 1994-504. Consistent with the foregoing, petitioner cannot avail himself of the relief provided in section 7502. Because his petition was not timely filed under section 6213(a) or section 7502, respondent's motion to dismiss for lack of jurisdiction will be granted. [8]
To give effect to the foregoing, An order granting respondent's *30 motion and dismissing this case for lack of jurisdiction will be entered.
Footnotes
1. All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed a proper amended petition on Aug. 30, 1994.↩
3. The filing fee accompanied the amended petition.↩
4. In his Objection to respondent's motion to dismiss for lack of jurisdiction, petitioner states as follows: The receptionist who was responsible for outgoing and incoming mail on June 22 is no longer employed by the company. Questioning her regarding the mailing of the letter would probably prove fruitless as many pieces of mail are sent daily.↩
5. The policy considerations have been described by the Court of Appeals for the Fifth Circuit in Rotenberry v. Commissioner, 847 F.2d 229, 230-231 (5th Cir. 1988) as follows: Recognizing the potential for mischief The legislative history of 26 U.S.C. § 7502 contains this observation: "Since it is possible to predate [and postdate] postmarks where mailing machines or other devices are used, subsection (b) [of section 7502] provides that a postmark not made by the United States post office shall be deemed the date of delivery only to the extent permitted by regulations." H.R.Rep. No. 1337, 83rd Cong., 2d Sess., reprinted in 1954 U.S. Code Cong. & Admin. News, 4017, 4621, 5266.
[2]↩ or innocent error in the setting of the date with privately metered mail, a potential either greatly attenuated or non-existent in mail postmarked by the postal service, * * * Congress permitted their use, but only pursuant to protective regulations.
6. It should be recalled that petitioner did not prove that the envelope bearing the petition was timely deposited in the United States mail on the critical date.↩
7. The present case is appealable to the Court of Appeals for the Ninth Circuit. That court would not be bound by Rotenberry v. Commissioner, supra, nor are we. Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. on other issues 445 F.2d 985↩ (10th Cir. 1971).
8. Although petitioner cannot pursue his case in this Court, he is not without a judicial remedy. Specifically, he may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal district court or the United States Court of Federal Claims. McCormick v. Commissioner, 55 T.C. 138, 142↩ (1970).