T.C. Memo. 1998-298


UNITED STATES TAX COURT


EDWARD C. AND MARGARET C. CHANG, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24759-96.                    Filed August 18, 1998.


Basil J. Boutris, for petitioners.

James A. Whitten and Usha Ravi, for respondent.


MEMORANDUM OPINION

GALE, Judge:  This case is before the Court on respondent's
motion to dismiss for lack of jurisdiction.  The issue for
decision is whether petitioners filed their petition for

redetermination within the 90-day period prescribed by section 6213(a).[1]

Background

On August 7, 1996, respondent issued and mailed to petitioners a statutory notice of deficiency determining a deficiency of $160,266 in petitioners' 1992 Federal income tax and an accuracy-related penalty under section 6662(a) of $32,053. The 90-day period for filing a petition for redetermination with this Court expired on Tuesday, November 5, 1996.

The petition was received and filed by this Court on November 18, 1996, 103 days after the mailing of the notice of deficiency. The petition was properly addressed and mailed in an envelope bearing a privately metered postmark dated November 5, 1996, and indicating the point of origin as Campbell, California. The envelope did not bear a postmark or any other marking of the U.S. Postal Service. The envelope in which the petition was received by this Court is not torn or damaged, and there are no markings indicating that additional postage was due or that the normal delivery of the envelope was otherwise disrupted.

The petition was dated November 5, 1996, and was signed by petitioners' attorney. Included in the envelope with the petition was a check dated November 5, 1996, in the amount of $60

---

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

to cover the filing fee drawn on the account of Maynard Professional Corporation.

Discussion

Section 6213(a) provides that a taxpayer has 90 days after the mailing of the notice of deficiency (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) to file a petition for redetermination with this Court. In all cases, the jurisdiction of the Court depends upon the timely filing of a petition. Rule 13(c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991).

Section 7502(a)(1) provides that the date of a U.S. postmark is deemed to be the date of delivery if the mailing requirements of that section are met. However, in the case of privately metered mail, section 7502 applies "only if and to the extent provided by regulations prescribed by the Secretary." Sec. 7502(b). Delegating the rules for privately metered mail to the regulations process reflected congressional concern that the postmark on such mail was susceptible to manipulation.

> Since it is possible to predate postmarks where mailing machines or other devices are used, subsection (b) provides that a postmark not made by the United States post office shall be deemed the date of delivery only to the extent permitted by regulations. * * * [H. Rept. 1337, 83d Cong., 2d Sess. (1954).]

In light of this concern, the regulations promulgated under section 7502(b) are quite exacting and provide as follows:

> (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1)

the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United State Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that is was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * * [Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.]

The regulations thus provide two tests under which privately metered mail bearing a timely postmark received after the 90-day statutory filing period will be deemed timely filed under section 7502(a). The first test requires that the petition be received not later than the time that mail postmarked at the same mailing point by the U.S. Postal Service on the last date prescribed for filing, and sent by the same class of mail, would ordinarily be received. The second test, applicable if the petition is received after the time prescribed in the preceding test, requires that the taxpayer show (i) that the petition was

actually deposited in the mail within the prescribed period for filing, (ii) that the delay in receipt was due to a delay in the transmission of the mail, and (iii) the cause of such delay.

In the instant case, the petition was received by the Court 13 days after the last date prescribed for filing. Since the privately metered postmark on the envelope is November 5, 1996, the last date prescribed for filing, the petition will be deemed timely under the regulations if it was received within the time that mail of the same class would ordinarily be received if mailed on that date from the same point of origin. The parties agree that the point of origin for these purposes is San Jose, California. Whether a petition has been received within the normal mailing period is a factual question, and petitioners have the burden of proving that the 13-day delivery is within the normal mailing period for mail sent from San Jose, California, to Washington, D.C. Castro v. Commissioner, T.C. Memo. 1994-530. A U.S. Postal Service statistical programs coordinator in the San Jose office, called by respondent, testified that the normal delivery time from San Jose to Washington, D.C., in November 1996 was 3 days for first class mail and 5 to 7 days for third class mail. The envelope contains no markings indicating its postage class, and petitioners have offered no other evidence on this point. On this record, we find that petitioners have failed to show that the petition was received within the time that mail

deposited in San Jose on November 5, 1996, would ordinarily be received in Washington, D.C.

As a result, petitioners must show in the alternative that (1) the petition was actually deposited in the mail on or before November 5, 1996, prior to the last collection of mail, (2) that the delay in receiving the petition was due to a delay in the transmission of the mail, and (3) the cause for such delay.

As proof that the petition was mailed on November 5, 1996, petitioners' attorney, Basil Boutris, testified on their behalf. Mr. Boutris testified that his office inadvertently failed to "calendar" the Chang case, and as a result he did not discover that the petition needed to be filed until November 5, 1996, the last day prescribed for filing. He testified that he accordingly prepared a petition, used a private postage meter in an adjacent law office for postage so as to insure the envelope bore the correct date, and then personally took the envelope containing the petition to the post office because it was election day and he was traveling that way to vote. According to Mr. Boutris, he took the petition to the Meridian Branch of the San Jose Post Office at approximately 5:30 p.m. and handed it to a postal employee who reviewed the privately metered date on the envelope and dropped it in the bin.

This testimony is consistent with the policy of the U.S. Postal Service to check the accuracy of the date stamped on privately metered mail and only stamp the envelope with a U.S.

Postal Service postmark if the date is incorrect. However, according to the U.S. Postal Service employee called by respondent, this verification only occurs when the mail is presented to a postal employee.

We need not decide, however, whether Mr. Boutris' uncorroborated testimony as to the mailing date is sufficient proof thereof because petitioners in any event have not satisfied their burden of proof as to the last two conditions found under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Namely, petitioners have failed to establish that the delay in receipt was due to a delay in the transmission of the mail and the cause therefor.

Petitioners cite Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988), revg. and remanding an Order of this Court, in support of their contention that they have adequately explained the delay. In Rotenberry, the Court of Appeals for the Fifth Circuit held that the taxpayer could meet his burden of proving the cause of delay with proof of general reasons for delay in mail delivery between the receiving station and the addressee, without having to pinpoint the specific reason why the item of mail in question was delayed. The petition at issue in Rotenberry was mailed on December 23 and received 8 days later on December 31, which this Court found to be longer that the ordinary delivery time. The Court of Appeals noted that the taxpayers had presented uncontroverted evidence of the following:

(1) the dramatic increase in the volume of holiday mail; (2) the mailing by the IRS of 87 million tax return forms on December 27, 1985; (3) the recognized proclivity of some post office employees to take time off, leave early, and work less diligently during the holidays; (4) the addition of temporary postal employees during the holiday rush with their known deficiencies in accuracy and efficiency; (5) the heavy airline passenger traffic during the holidays, requiring that mail be pulled off flights and held for later flights, causing mail handling delays at Houston Intercontinental Airport of up to 48 hours; (6) the inclement weather during the critical period and the adverse effect it had on travel in the District of Columbia; and (7) the mail routine which calls for delivery of mail to the Tax Court only once a day, in the early morning, so that any item received at its immediate post office during the day is not delivered until the next. * * *  [Id. at 232-233; fn. ref. omitted.]

On the basis of this evidence, the Court of Appeals concluded that the taxpayers had met the requirements of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.[2]

On brief, petitioners attempt to bring themselves within a Rotenberry scenario by repeated speculations about the impact of "holiday" conditions on mail service.  The mailing period at issue in this case is November 5, 1996 (the date on which petitioners allege the petition was mailed), through November 18, 1996 (the date on which the petition was received).  In 1996, Thanksgiving Day fell on November 28.  We do not believe that petitioners have shown that "holiday" conditions existed that

---

[2] The Commissioner had conceded that the delay in receipt was occasioned by a delay in the transmission of the mail; the dispute was over the adequacy of the taxpayer's proof of the cause therefor.

would have had a significant impact on mail service during the relevant period. In addition, petitioners assert that there was a severe storm creating flooding conditions in the Washington, D.C., area on November 8, 1996. Even were we to accept this contention, it at most accounts for a delay in receipt from Friday, November 8, until Tuesday or Wednesday, November 12 or 13, 1996. (Monday, November 11, 1996, was a Federal holiday.) Finally, in his testimony, Mr. Boutris made the bald assertion that there were "delivery problems" at the Meridian Branch of the San Jose Post Office. This assertion was not corroborated, even though Mr. Boutris testified that his secretary experienced the same problems.

Because the foregoing evidence falls well short of that in Rotenberry v. Commissioner, supra, we have no occasion to consider whether we should adopt the Rotenberry standard in applying section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Suffice it to say that petitioners have failed to prove that the delay in receipt was due to a delay in the transmission of the mail and the cause therefor, even under the liberal Rotenberry standard. In any event, Rotenberry v. Commissioner, supra, would not be binding authority here because it is to the Court of Appeals for the Ninth Circuit that appeal of this case lies. See Hanna & Associates, P.C. v. Commissioner, T.C. Memo. 1997-376; Little v. Commissioner, T.C. Memo. 1995-491; Oswald v. Commissioner, T.C. Memo. 1995-17; Weinreich v. Commissioner, T.C.

Memo. 1994-32; <u>Vanderstappen v. Commissioner</u>, T.C. Memo. 1993-
109; see also <u>Lindemood v. Commissioner</u>, 566 F.2d 646 (9th Cir.
1977), affg. per curiam T.C. Memo. 1975-195.

Because petitioners have failed to show that they meet the
requirements of section 301.7502-1(c), Proced. & Admin. Regs.,
the petition is not rendered timely by section 7502 and therefore
was not timely filed under section 6213(a).  Accordingly, we
grant respondent's motion to dismiss for lack of jurisdiction on
the ground that the petition was not timely filed.

To reflect the foregoing,

<u>An appropriate order of dismissal</u>

<u>for lack of jurisdiction will be</u>

<u>entered</u>.