T.C. Memo. 2000-146


UNITED STATES TAX COURT


ORLANDER ROBINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10505-99.                    Filed April 24, 2000.


<u>J. Donald Hughes</u>, for petitioner.

<u>John F. Driscoll</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge John J. Pajak pursuant to Rules 180, 181, and 183.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.  The Court agrees with and adopts the opinion of the
Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, <u>Special Trial Judge</u>:  This case is before the Court

on respondent's motion to dismiss for lack of jurisdiction on the grounds that the petition was not filed within the time prescribed by section 6213(a) or section 7502.  Section references are to the Internal Revenue Code in effect for the period relevant here.

Respondent determined a deficiency in petitioner's Federal income tax in the amount of $110,253 for the taxable year 1995. The sole issue for decision is whether petitioner timely filed his petition with this Court.

At the time the petition was filed with this Court, petitioner resided in Grove Hill, Alabama.  Petitioner filed a statement opposing respondent's motion to dismiss.  A hearing was held in Birmingham, Alabama, on respondent's motion.

On February 23, 1999, respondent mailed to petitioner at his last known address a notice of deficiency in income tax for the year ended December 31, 1995.  The 90-day period for filing a petition for redetermination of the deficiency with this Court ended on May 24, 1999, which was not a legal holiday in the District of Columbia.

In a sworn affidavit, petitioner's attorney J. Donald Hughes, (Mr. Hughes), stated that at around 7 p.m. on Saturday, May 22, 1999, he placed the petition in the metered-mail receptacle of the U.S. post office located on St. Joseph Street in Mobile, Alabama.  Prior to the mailing, Mr. Hughes used a

private postage meter to place the correct amount of postage on the envelope. The postage meter had been advanced to reflect Monday, May 24, 1999, mailings. Thus, the date on the envelope reads May 24, 1999.

The petition was filed in this Court on June 7, 1999, 104 days after the notice of deficiency was mailed to petitioner.

The manager of distribution operations tour 3 of the U.S. Postal Service in Mobile, Alabama, testified that the standard delivery time for a first-class envelope mailed from the St. Joseph's branch of the post office in Mobile, Alabama, to the Tax Court in Washington, D.C., is 3 days. He also testified that if a letter is misplaced, missent, or inadvertently lost or damaged, then there should be some sort of marking on it "to let you know exactly what has happened to that letter". There are no such markings on the envelope that contained the petition in this case.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989). Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency. If the petition is not filed

within 90 days, then it is untimely, and we have no jurisdiction to redetermine the deficiency. Sec. 6213(a). Section 7502(a) provides an exception to the rule of section 6213(a) in that, if the petition is deposited in the mail in the United States in a properly addressed envelope on or before the date on which it is required to be filed, and if the date of the U.S. postmark on the envelope containing the petition is on or before the date on which the petition is required to be filed, the date of such postmark is deemed to be the date of filing. However, if the envelope bears a postmark other than that of the U.S. Postal Service, section 7502 applies only to the extent provided by regulations. Sec. 7502(b). (Rules concerning the application of section 7502 where mailing is through a private delivery service are set forth in section 7502(f), but such services were not used in this case.)

The regulations provide that privately metered mail showing a date within the 90-day period is considered timely filed if it is:

> received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document.

Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. We refer to that time period as the normal delivery time for mail

postmarked by the U.S. Postal Service. <u>Fujioka v. Commissioner</u>, T.C. Memo. 1999-316. We rely on the credible testimony of the witness from the U.S. Postal Service and find that the normal delivery time for first-class mail between Mobile, Alabama, and Washington, D.C., is approximately 3 days. Cf. <u>Beacham v. Commissioner</u>, T.C. Memo. 1996-226. In the instant case, the petition was received by this Court 14 days after the date shown on the private postmark. Because the petition was not delivered within the normal delivery time, petitioner will not be entitled to relief unless he can establish: (1) The actual date of mailing was prior to the expiration of the 90-day period; (2) that the delay in delivery was attributable to a delay in the transmission of mail; and (3) the cause of such delay. <u>Fujioka v. Commissioner</u>, <u>supra</u>; sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.

Petitioner contends that his case is similar to that in <u>Rotenberry v. Commissioner</u>, 847 F.2d 229 (5th Cir. 1988), revg. and remanding an Order of this Court, where the petition was mailed 2 days before Christmas and received by this Court 8 days later. We find that case distinguishable on its facts. Petitioner states in his opposition to the motion to dismiss that there was a delay in the delivery of the petition and that the delay was attributable to one or more of the following factors:

    (a) the fact that May 24, 1999 was one week before the
    Memorial Day celebration on May 31, 1999, a federal holiday,

(b) there is an increase in the volume of such holiday mail, (c) the recognized deficiency of some U.S. Post Office employees to take time off, leave early, and work less diligently during such holiday, (d) the addition of temporary postal employees during such holiday rush and celebration with their known deficiency in accuracy and efficiency, (e) the heavy airline passenger traffic during the Memorial Day celebration period requiring that the mail be pulled off flights and held for later flights, causing mail handling delays at Mobile Regional Airport, (f) the inclement weather during the critical period and the adverse effect it had on travel in the District of Columbia, and (g) the mail routine of the U.S. Tax Court which calls for delivery of mail to the U.S. Tax Court only once a day, so that any items received at its immediate post office during the day is [sic] not delivered until the next day.

Petitioner makes speculations about the impact of "holiday" conditions on mail service. We do not believe that petitioner has established that "holiday" conditions existed that would have had a significant impact on mail service during the relevant period. Cf. Chang v. Commissioner, T.C. Memo. 1998-298; Oswald v. Commissioner, T.C. Memo. 1995-17. We note that none of the assertions made above are corroborated. While the Christmas holiday season could very well lead to delays in mail delivery, we find no evidence or reason to believe that Memorial Day has a similar effect.

It is unfortunate that a petition purportedly mailed by the end of the 90-day period was not received by the Court until the 14th day after its mailing. However, because petitioner's attorney used a private metered postmark instead of taking the envelope to the post office on May 24, 1999, and having it postmarked, the regulations require petitioner to show, and he

has not shown, that there was a delay in the transmission of the mail, nor has he shown any reason for the delay in the transmission of the mail, if there was such a delay.  Beacham v. Commissioner, supra.

Petitioner argues that because the regulations cannot be satisfied, they are invalid.  We reject this assertion.  "This Court and other courts have upheld the regulations with respect to when a private metered postmark will be accepted as a filing date."  Beacham v. Commissioner, supra.  Mr. Hughes could have used other alternatives to mail the petition, such as certified mail, which would have provided prima facie evidence that the petition was timely mailed.  Sec. 7502(c).

Petitioner has failed to provide evidence that establishes that the late delivery of the petition was due to a delay in the transmission of the mail and the cause of any such delay.  Thus, we hold that he did not file his petition with this Court within the time prescribed by sections 6213(a) and 7502, and respondent's motion to dismiss for lack of jurisdiction should be granted.

Although petitioner cannot pursue his case in this Court, he is not without a judicial remedy.  Specifically, he may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See

<u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).

To reflect the foregoing,

<u>An order granting respondent's</u>

<u>motion to dismiss for lack of</u>

<u>jurisdiction will be entered</u>.