T.C. Memo. 2000-316

UNITED STATES TAX COURT

MICHAEL H. AND BARBARA SELTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2688-00.                    Filed October 6, 2000.

Michael H. Selter, pro se.

<u>Alan R. Peregoy</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction, filed
May 1, 2000.  As discussed in detail below, we shall grant
respondent's motion to dismiss.

<u>Background</u>

On December 2, 1999, respondent mailed a notice of deficiency
to Michael H. and Barbara Selter (the Selters or petitioners)

determining a deficiency of $31,970 in their Federal income tax for 1992. Respondent mailed the notice to petitioners at their last known address; namely, 6806 Selkirk Drive, Bethesda, Maryland 20817. Petitioner Michael H. Selter is a partner in a law firm located in Washington, D.C.

On Wednesday, March 8, 2000, at approximately 8 a.m., the Tax Court mailroom received an envelope containing the Selters' petition contesting the notice of deficiency described above. The envelope bears a preprinted address label listing the name and address of Mr. Selter's law firm as the sender, and the envelope identifies the Court as the addressee.[1] Notably, the envelope does not bear any postage, nor does it bear any type of postmark. There is no adhesive or sticky residue in the upper right-hand corner of the envelope, suggesting that postage may never have been affixed thereto. Further, the envelope is not torn, damaged, or unusually soiled, nor does it appear to have been abused, and there are no marks or notations on the envelope indicating that it was misdirected or otherwise delayed in transit. Affixed to the envelope are a certified mail receipt

---

[1] Although the Court's ZIP Code was erroneously listed on the address label as 20817 (the ZIP code for the Selters' home address in Bethesda, Maryland) rather than the Court's correct ZIP Code of 20217, a representative of the U.S. Postal Service testified that such an error would not have delayed the delivery of the petition to the Court. See also Price v. Commissioner, 76 T.C. 389 (1981).

(sticker No. Z 401 327 528) and the anchors for the so-called certified mail green card used to confirm receipt. An employee of the Tax Court signed the green card on March 8, 2000, and it was returned to petitioners in due course by the Postal Service. The petition, signed by both petitioners, is dated February 24, 2000.

Respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a).[2] Petitioners filed an opposition to respondent's motion, asserting that the petition was timely mailed to the Court on February 28, 2000. Petitioners' opposition includes a declaration and a supplemental declaration signed by Tyree Hunt (Ms. Hunt), a temporary employee of Mr. Selter's law firm. In the declaration, Ms. Hunt states that on February 28, 2000, she delivered the envelope bearing the petition to the Postal Service. In the supplemental declaration, Ms. Hunt states that she did not deliver the envelope bearing the petition to the Postal Service, but rather left the envelope with other office mail for in-house pickup by a postal carrier.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the hearing and offered argument in support of respondent's motion to dismiss. Also, respondent called as a witness Waverly Vaughan (Ms. Vaughan), Supervisor of Operations at the U.S. Postal Service located on Brentwood Road in Washington, D.C. The U.S. Postal Service on Brentwood Road is responsible for delivering mail to the Tax Court.

Ms. Vaughan testified that certified mail item No. Z 401 327 528 was received at the Brentwood Road Postal Service either late in the evening on March 7, 2000, or very early in the morning on March 8, 2000. Ms. Vaughan also testified that the normal delivery time for an item mailed from one address in Washington, D.C., to another address in Washington, D.C., is 1 to 2 days. Ms. Vaughan further testified that normally an envelope lacking postage would be returned to the sender or delivered to the addressee for collection of the postage due. However, Ms. Vaughan acknowledged that the Postal Service does, on occasion, mistakenly deliver mail lacking postage.

Mr. Selter appeared at the motions hearing and offered argument in opposition to respondent's motion. When the Court informed Mr. Selter that the Court would not rely on Ms. Hunt's conflicting declarations in deciding the case, Mr. Selter requested a continuance to allow him to call Ms. Hunt as a witness.

This matter was called for a second hearing at the Court's motions session in Washington, D.C. Both counsel for respondent and

Mr. Selter appeared at the hearing and offered argument in respect of the pending motion. Mr. Selter informed the Court that he had contacted Ms. Hunt and that she had agreed to appear at the hearing. However, Mr. Selter failed to issue a subpoena to Ms. Hunt, and she did not appear to testify. However, the office manager of Mr. Selter's firm did appear and testify. Also, during the hearing, Mr. Selter offered as an exhibit an article titled "Postal Service Gives 'Check in the Mail' A Whole New Twist", published in the New York Times on July 28, 2000. Respondent objected to the admission of the article on the ground that it was hearsay. The Court deferred ruling on the admissibility of the article.

Discussion

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); see Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, generally has 90 days from the date the notice of

deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. See sec. 6213(a).

There is no dispute that respondent mailed the notice of deficiency to petitioners at their last known address on December 2, 1999. Accordingly, the 90-day period for filing a timely petition with the Court expired on Wednesday, March 1, 2000. See id. The petition in this case was not filed until Wednesday, March 8, 2000.

Although the petition was not timely filed, petitioners maintain that the petition was timely mailed to the Court on February 28, 2000, 2 days before the expiration of the 90-day period and 10 days before the date the petition was delivered to the Court. In particular, petitioners offered evidence that on February 28, 2000, petitioner Michael H. Selter directed Ms. Hunt to mail the petition to the Court. Petitioners offered circumstantial evidence that Ms. Hunt may have placed the petition in an envelope bearing postage from the law firm's private postage meter and may have placed the envelope with the firm's outgoing mail for pickup by a postal carrier in the lobby of the office building where the firm is located.

Section 7502 provides that, in certain circumstances, a timely mailed petition will be treated as though it were timely filed. Where the postmark in question is made by a private postage meter, the provisions implementing the "timely mailing/timely filing" rule

are contained in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin.

Regs., which provides as follows:

   (b) If the postmark on the envelope or wrapper is
made other than by the United States Post Office, (1) the
postmark so made must bear a date on or before the last
date, or the last day of the period, prescribed for filing
the document, and (2) the document must be received by the
agency, officer, or office with which it is required to be
filed not later than the time when a document contained in
an envelope or other appropriate wrapper which is properly
addressed and mailed and sent by the same class of mail
would ordinarily be received if it were postmarked at the
same point of origin by the United States Post Office on
the last date, or the last day of the period, prescribed
for filing the document.  However, in case the document is
received after the time when a document so mailed and so
postmarked by the United States Post Office would
ordinarily be received, such document will be treated as
having been received at the time when a document so mailed
and so postmarked would ordinarily be received, if the
person who is required to file the document establishes
(i) that it was actually deposited in the mail before the
last collection of the mail from the place of deposit
which was postmarked (except for the metered mail) by the
United States Post Office on or before the last date, or
the last day of the period, prescribed for filing the
document, (ii) that the delay in receiving the document
was due to a delay in the transmission of the mail, and
(iii) the cause of such delay.  If the envelope has a
postmark made by the United States Post Office in addition
to the postmark not so made, the postmark which was not
made by the United States Post Office shall be
disregarded, and whether the envelope was mailed in
accordance with this subdivision shall be determined
solely by applying the rule of (a) of this subdivision.
[Emphasis added.]

The validity of this regulation has been upheld.  See Lindemood v.

Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. T.C. Memo.

1975-195; Fishman v. Commissioner, 420 F.2d 491, 492 (2d Cir. 1970),

affg. 51 T.C. 869 (1969).

Based upon the record presented, we conclude that petitioners cannot avail themselves of the timely mailing/timely filing rule set forth in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. In the first instance, the controlling regulation contemplates that the timely mailing/timely filing rule may be invoked where the petition is delivered to the Court in an envelope or wrapper that contains a timely private postage meter postmark. The envelope bearing the petition arrived at the Court without any postmark indicating the date that it was mailed to the Court. Although we will allow extrinsic evidence to prove the date of mailing where an envelope lacks a postmark, see Sylvan v. Commissioner, 65 T.C. 548, 553-555 (1975), there is absolutely no indication that any type of postage was ever affixed to the envelope. See section 7502(a)(2), regarding mailing requirements, specifically including the requirement that postage be prepaid. We are not persuaded by petitioners' circumstantial evidence that a timely private postage meter label was properly applied to the envelope.

Even assuming for the sake of argument that petitioners have proven that the envelope bearing the petition was placed in the mail with a timely private postage meter postmark of February 28, 2000, section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., further requires that the petition be delivered to the Court within the ordinary mailing time for that class of mail. We accept Ms. Vaughan's testimony that the ordinary delivery time for an item

mailed from one location in Washington, D.C., to another location in Washington, D.C., is 1 to 2 days. The petition in this case was delivered to the Court 10 days after it was allegedly mailed and 8 days after the expiration of the 90-day filing period. It follows that the petition was not delivered to the Court within the ordinary mailing time.

Where a petition is mailed to the Court in an envelope bearing a private postage meter postmark, but the petition is not delivered to the Court within the ordinary mailing time for that class of mail, a taxpayer seeking to rely on the timely mailing/timely filing rule must establish that the petition was actually deposited in the mail before the expiration of the 90-day period, that the delay in receiving the petition was due to a delay in the transmission of the mail, and the cause of the delay. Petitioners have not offered persuasive proof with respect to the date that the petition was actually placed in the mail. We have nothing but Ms. Hunt's conflicting declarations regarding her handling of the petition. At best, we are left to speculate that the envelope bearing the petition was left in the lobby of Mr. Selter's office building on or about February 28, 2000, for pickup by a postal carrier. Moreover, there is no evidence in the record demonstrating that the delay in the delivery of the petition to the Court was due to a delay in the

transmission of the mail or the cause of such delay.[3]  Under the circumstances, we hold that the petition was not timely filed.

As a final matter, petitioners erroneously contend that the petition should be deemed to have been timely filed pursuant to the common-law "mailbox rule".  The common-law mailbox rule provides that proof of a properly mailed document creates a presumption that the document was delivered and actually received by the addressee. See Estate of Wood v. Commissioner, 92 T.C. 793, 798-799 (1989), affd. 909 F.2d 1156 (8th Cir. 1990), and cases cited therein.  There is no question in this case that the petition was delivered to the Court on March 8, 2000.  However, petitioners must establish that the petition was timely mailed to the Court.  Given the lack of satisfactory proof that the petition was placed in the mail within the 90-day filing period prescribed in section 6213(a), petitioners' reliance on the common-law mailbox rule is misplaced.

---

[3]  We agree with respondent that the New York Times article that petitioners offered into evidence in this case contains hearsay; nevertheless, we admit the article into evidence. Although the article indicates that the U.S. Postal Service experienced difficulties delivering certified mail in various jurisdictions during the period April through July 2000, the article does not mention Washington, D.C., as a trouble spot, and we do not consider the article to be persuasive evidence that the delay in the delivery of the petition in this case was due to a delay in the transmission of the mail, or the cause of such delay.

Consistent with the preceding discussion, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.[4]

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.

---

[4] Although petitioners cannot pursue their case in this Court, petitioners are not without a remedy. In short, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).