T.C. Memo. 2019-66

UNITED STATES TAX COURT

CURTISS T. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 573-15.                                    Filed June 5, 2019.

<u>Paul W. Jones</u>, for petitioner.

<u>Skyler K. Bradbury</u> and <u>David W. Sorensen</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  Currently before the Court is a motion by the Internal

Revenue Service (IRS or respondent) to dismiss this case for lack of jurisdiction

on the ground that the petition was not filed within the time prescribed by section

[*2] 6213(a).[1] Petitioner contends that the petition was timely mailed and so should be deemed timely filed pursuant to section 7502. Finding that petitioner has not carried his burden of proving that the petition was timely mailed, we will grant respondent's motion.

Background

The following facts are derived from the parties' pleadings, motion papers, and the exhibits and declarations attached thereto. Petitioner resided in Florida when his petition was filed.

On September 4, 2014, the IRS sent petitioner, by certified mail to his last known address, a notice of deficiency for tax years 2010, 2011, and 2012. Petitioner's attorney prepared a petition seeking redetermination of the deficiencies. His attorney was affiliated with a law firm in Salt Lake City, Utah, and requested Salt Lake City as the place of trial. The petition bears the attorney's signature and is dated November 29, 2014.

A petition seeking redetermination of the deficiencies at issue was due to be filed in this Court within 90 days, i.e., by December 3, 2014. See sec. 6213(a). The Court received the petition on January 8, 2015, 36 days after the due date.

_____

[1]All statutory references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.

**[*3]** The envelope in which the petition was mailed was properly addressed to the Tax Court. The envelope bears U.S. postage stamps and thus appears to have been delivered by the U.S. Postal Service (USPS). However, the envelope bears no discernable postmark and has no other markings affixed by the USPS.

Petitioner has supplied a declaration under penalty of perjury from his attorney, who states that he recalls preparing this petition because his daughter was scheduled to have surgery on December 3, 2014, the petition's due date. He recalls that he "had a full day of appointments and was not able to prepare the petition until the evening before the surgery." (This recollection seems inconsistent with the date next to his signature on the petition, which is November 29, not December 2.) He states that he drafted the petition at home, affixed "postage stamps from his home," and deposited the petition in a mailbox "outside of the United States Post Office at 3350 S. 2940 E., Salt Lake City, UT 84109 late in the evening of December 2, 2014." He speculates that "the delivery of the petition was delayed in the postal system." According to USPS delivery standards, an item sent from this ZIP Code in Salt Lake City would normally arrive in Washington, D.C., within seven days.[2]

---

[2]We take judicial notice of USPS standards under Rule 201 of the Federal Rules of Evidence, applicable to this Court pursuant to section 7453 and Rule

(continued...)

**[\*4]**                                    Discussion

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976).  "Jurisdiction must be shown affirmatively, and petitioner, as the party invoking our jurisdiction * * * , bears the burden of proving that we have jurisdiction over * * * [the] case."  David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 F. App'x 837 (9th Cir. 2001); see Fehrs v. Commissioner, 65 T.C. 346, 348 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960).  To meet this burden, "petitioner must establish affirmatively all facts giving rise to our jurisdiction."  David Dung Le, M.D., Inc., 114 T.C. at 270.

Section 6213(a) provides, in the case of a notice addressed to a taxpayer within the United States, that the taxpayer must petition this Court "[w]ithin 90 days * * * after the notice of deficiency * * * is mailed."  For petitioner, this 90-

_____

[2](...continued)
143(a).  See Jordan v. Commissioner, T.C. Memo. 2019-15, at \*3 n.2.  According to the USPS, standard mail sent from Salt Lake City to Washington, D.C., should arrive in seven days.  See USPS Service Standards Map, https://ribbs.usps.gov/modernservicestandards/ssmaps/find_map.cfm (last visited May 14, 2019).

**[\*5]** day period expired on December 3, 2014, which was not a Saturday, Sunday, or legal holiday in the District of Columbia. <u>See</u> sec. 6213(a).

Section 7502(a) provides a "timely mailed, timely filed" rule. A document delivered by U.S. mail is timely mailed if "the postmark date falls \* \* \* on or before the prescribed date" and the document is mailed, on or before that date, in an envelope with "postage prepaid, properly addressed" to the recipient. <u>Id.</u> para. (2). If those conditions are met, "the date of the United States postmark stamped on the cover in which such \* \* \* document \* \* \* is mailed shall be deemed to be the date of delivery." <u>Id.</u> para. (1). The parties agree that the envelope in which the petition was mailed was properly addressed to the Tax Court and that the postmark is missing. They disagree as to whether the envelope was deposited in the U.S. mail on or before December 3, 2014.

The regulations prescribe distinct rules for USPS and non-USPS postmarks, sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs., but they supply no rules to govern the situation where the envelope has no postmark whatsoever. When a postmark is missing, our case law instructs us to deem the postmark illegible and permit the introduction of extrinsic evidence to ascertain the mailing date. <u>See</u> <u>Sylvan v. Commissioner</u>, 65 T.C. 548, 553-555 (1975); <u>see also</u> <u>Mason v. Commissioner</u>, 68 T.C. 354, 356 (1977). The burden is on the party who invokes sec-

**[*6]** tion 7502 to present "convincing evidence" of timely mailing.  Mason, 68 T.C. at 356-357; see sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. (providing that, if a USPS postmark "is not legible, the person * * * [invoking section 7502] has the burden of proving the date that the postmark was made").

When confronted with illegible or missing postmarks, we have considered various types of extrinsic evidence, including testimony from the person claiming to have mailed the envelope.  See Mason, 68 T.C. at 357.  We also look to evidence regarding the normal delivery time from the place of origin to our Court in Washington, D.C.  See ibid.; Selter v. Commissioner, T.C. Memo. 2000-316, 80 T.C.M. (CCH) 491, 493-494; Robinson v. Commissioner, T.C. Memo. 2000-146, 79 T.C.M. (CCH) 1956, 1957.  We may examine the envelope to see whether any markings indicate that the letter had been "misplaced, missent, or inadvertently lost or damaged."  Robinson, 79 T.C.M. (CCH) at 1957 (noting the testimony of a post office employee that, in the event of misdelivery or damage, "there should be some marking on * * * [the envelope] 'to let you know exactly what has happened to that letter'").

In some cases we have considered evidence regarding holiday conditions at the post office as a possible explanation for a delayed delivery.  Such conditions might include holiday closures, unusually large volumes of mail, or inefficiencies

**[\*7]** attributable to temporary staff.  Generally speaking, we have found such evidence persuasive in explaining relatively short delays only.  Compare Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988) (finding that holiday conditions could explain a three-day delay in ordinary delivery time for a letter mailed on December 23), with Robinson, 79 T.C.M. (CCH) at 1958 (declining to find an 11-day delay explained by holiday conditions around Memorial Day), and Chang v. Commissioner, T.C. Memo. 1998-298, 76 T.C.M. (CCH) 290, 292 (declining to find a delay of 6 to 10 days explained by holiday conditions for a petition that arrived in mid-November.)

Petitioner's attorney states that he deposited the envelope containing the petition in the U.S. mail on December 2, 2014, in Salt Lake City.  According to the USPS website, an item sent from Salt Lake City would normally arrive in Washington, D.C., within seven days.  See supra note 2.  On two prior occasions, courts have had the opportunity to consider the ordinary delivery time for a letter sent from Salt Lake City to the Tax Court.  See Tilden v. Commissioner, 846 F.3d 882, 887 (7th Cir. 2017), rev'g and remanding T.C. Memo. 2015-188; Pearson v. Commissioner, 149 T.C. 424, 431-432 (2017).  In each case, the court found that it ordinarily takes no more than eight days for mail to reach the Tax Court from Utah.

**[\*8]**   Assuming that the envelope containing the petition was deposited in a mailbox late in the evening on December 2, 2014, and picked up by the USPS in Salt Lake City the next day, we would expect that it would arrive at the Court on or before December 11, 2014, which was a Thursday.  The petition arrived almost a month later than expected, on January 8, 2015.  The envelope is not damaged and has no marking of any kind suggesting that it was misdirected or misplaced.

As evidence of timely mailing petitioner relies on his attorney's recollection that he prepared the petition at home on the evening of December 2, 2014, and deposited it in a mailbox later that night.  This recollection does not square with the date his attorney placed on the petition, which was November 29, 2014.  Petitioner's attorney suggests no explanation for the delay in delivery other than that "the period from Thanksgiving to New Year's Eve is the U.S. Post office's busiest time of the year."  We find this explanation unpersuasive.  As of December 2 the Thanksgiving holiday was over and the Christmas holiday was three weeks away.  Given this timeframe, holiday conditions at the post office cannot explain a 28-day delay in delivery.  Cf. Rotenberry v. Commissioner, 847 F.2d 229 (finding that holiday conditions could explain a three-day delay for a letter mailed on December 23).

**[*9]** In sum, petitioner has failed to present "convincing evidence establishing that he mailed his petition timely." <u>Mason</u>, 68 T.C. at 357. The regulations warn taxpayers and their advisers that "the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date * * * prescribed for filing." Sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. To avoid this risk, the regulations advise the use of certified mail. <u>Ibid.</u> Had petitioner's attorney used certified mail, he would have a receipt post-marked by the employee to whom he presented the envelope, and that postmark would be treated as the postmark date of the document. <u>Id.</u> subpara. (2). As it is, petitioner has no persuasive evidence of timely mailing, and he has therefore failed to meet his burden to "establish affirmatively all facts giving rise to our jurisdiction." See <u>David Dung Le, M.D., Inc.</u>, 114 T.C. at 270.[3]

To reflect the foregoing,

<u>An order will be entered dismissing this case for lack of jurisdiction.</u>

---

[3]Although petitioner cannot pursue his case in this Court, he is not without a judicial remedy. He may pay the tax, file a claim for refund with the IRS, and (if his claim is denied) sue for a refund in the appropriate U.S. District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 n.5 (1970).